No. 23,469.

THE GROLIER SOCIETY, *Appellee,* v. MRS. F. F. FOSTER, *Appellant.*

### SYLLABUS BY THE COURT.

1. ACTION—*Plaintiff's Legal Capacity to Sue—Must Be Disclosed on Face of Petition.* Where a plaintiff is not obviously a natural person whose right to sue is presumed, the petition should disclose whether the action is sought to be maintained by an individual, or corporation, or if by a partnership its membership should be disclosed; and where the plaintiff's want of legal capacity to sue is disclosed on the face of the petition or fairly to be inferred therefrom the petition is defective, and if defendant's motion aimed at such defects is overruled, a demurrer to such petition, setting out plaintiff's want of legal capacity to sue, should be sustained.

2. SAME—*Legal Capacity to Sue Not Disclosed by Petition.* If a petition discloses that the plaintiff is not a resident of the county, and does not disclose the plaintiff's place of residence, or if the plaintiff is a corporation and the petition does not so recite, and does not give its principal place of business and correct post-office address, such petition is subject to defendant's motion, timely made, that the petition be amended to supply such defects; and if such motion is overruled, such defects may properly be considered with other objections when the sufficiency of the petition is searched by a demurrer.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed January 7, 1922. Reversed.

*Hal R. Clark,* and *P. L. Courtright,* both of Independence, for the appellant.
*A. L. Billings,* of Independence, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This is an appeal from a judgment overruling a demurrer to plaintiff's petition in an action to collect the contract price of a lot of books.

The plaintiff's petition in part recited:

"2. Plaintiff is a society selling books particularly The Book of Life, The Book of History, on delivery contracts taken by its canvassers, particularly in Independence, Kansas, about June 17, 1919, and filled at its place of business, Kansas City, Mo., 1016 Walnut St., which is one of its principal places of business.

"3. That hereafter on or about June 17, 1919, defendant made, executed and delivered her written order contract, . . . to plaintiffs agent and canvasser at Independence, Kansas, to-wit: the T. M. D. S. Co.; that said writing was by a canvasser sent into plaintiffs Kansas City, Mo., office and there received on or about June 20th, 1919, and then accepted by plaintiff immediately."

This was followed with allegations that the books were shipped to defendant and that she refused to receive them, etc. A copy of the purported contract or order for the books, attached to the petition, was addressed: "The Grolier Society, 2 West 45th St. New York."

Defendant filed a motion requiring the plaintiff to make the petition more definite and certain, by stating the legal capacity of the plaintiff and giving plaintiff's correct post-office address, and requiring the same information touching the "T. M. D. S. Co." This motion was overruled.

Defendant then lodged a demurrer to the petition on four grounds: (1) no cause of action stated, (3) no jurisdiction, and two worthy of more attention:

"Second, for the further reason that plaintiff has failed to comply with statutes of the state of Kansas.

"Fourth, that the plaintiff has no legal capacity to sue."

This demurrer was overruled.

It seems that the motion to make the petition more definite and certain might well have been sustained. Its allowance would have tended to speed the cause and shorten the labor of the court. However, a trial court's ruling on a motion of this sort is not ordinarily appealable. (*Manwaring v. Reynolds*, 108 Kan. 777, 779, 196 Pac. 1086.)

The ruling on the demurrer is our main concern. The petition and contract attached thereto disclosed rather obviously that whoever might be the plaintiff, he, she, or it was a nonresident of the county. The statute provides:

"If the plaintiff in any civil action is a nonresident of the county in which the action is brought, the petition shall state the true place of residence, or if a corporation, the principal place of business and the correct post-office address of such plaintiff. If the petition fail to make the disclosure as above provided, the plaintiff, upon motion of any defendant, shall be required to amend his petition, and all costs to that date shall be taxed against the plaintiff. If the plaintiff further fails or refuses to comply with the order to amend, the action may, at the discretion of the court, be dismissed at plaintiff's cost." (Gen. Stat. 1915, § 6936.) .

Since the trial court did not choose to enforce this provision of the

code when the matter was pressed on its attention by defendant's motion, it seems that regard should have been given thereto when the demurrer was under consideration.

Passing that, however, we come to a still more obvious question—the want of plaintiff's legal capacity to sue. Under our practice, a lawsuit can only be maintained by individuals or by corporations. These are our only strictly legal personages. A partnership, too, may maintain a suit by the individuals comprising it, and where the plaintiff litigants are numerous, one or more of their number may sue for all. But the "Grolier Society"—who or what is that? An individual, a corporation or what? The petition does not disclose, and consequently no capacity to sue is disclosed. Suppose the defendant has a cross action or counterclaim and should establish it and get judgment against the "Grolier Society." Where or to whom should she look for the satisfaction of her judgment? There should be no doubt about the identity or about the legal capacity of plaintiff. If I make a contract with a stranger whose only name I know is "Bill," and whose address I do not know, and I breach that contract, "Bill" would need to disclose his full name and post-office address before he could successfully maintain a cause of action against me. Our code provides for, and this court delights in the simplicity of pleadings, but the barest rudiments of pleadings require that plaintiff shall disclose his legal capacity to sue. (Civ. Code, § 93; 30 Cyc. 21 et seq.; 31 Cyc. 295.) Here it may be said, inferentially at least, that the plaintiff is neither a person nor a corporation, and so its want of legal capacity to sue appears on the face of the petition, in which respect it differs from *Northrup v. Wills,* 65 Kan. 769, 70 Pac. 879.

In Phillips on Code Pleading, (1896 ed.) 157, it is said:

"It must appear from the complaint, either by averment or by legal presumption dispensing with such averment, that the parties to the action are capable in law of sustaining the jural relation on which the action is founded, and of suing and being sued in regard thereto. If they are natural persons, and their names are correctly given in the title, their existence, and their capacity as individuals, will be presumed, and no statement in this regard is needed. If either party stands in a representative capacity, is an artificial person, or is an association of persons, qualifying statements are called for, in addition to the designation contained in the title; for the title is not the place for allegations, and any designation therein will not supply the want of allegations to show capacity of parties." (p. 157.)

Elsewhere in the same textbook, it is said:

"A ground of special demurrer to the complaint is, that the plaintiff has not legal capacity to sue. Such incapacity arises . . . (2) where the plaintiff is an artificial person, or an association of persons, or sues in a representative character, and the right to sue in such relation does not affirmatively appear. The reason for this difference—that in one case demurrer will not lie unless incapacity affirmatively appear, and that in the other it will lie unless capacity affirmatively appear—is, that where the plaintiff is a natural person, and sues as an individual, his existence and his capacity to sue are presumed, and no statement thereof is needed; but where the plaintiff sues in some other capacity or relation, there is no such presumption, and qualifying statements are necessary.

". . . In an action by a corporation, its corporate existence must, subject to certain exceptions, be made to appear by proper allegation; and in an action by a partnership, the names of the partners should be stated in the title, and the fact of partnership should be alleged in the statement of the complaint. Where a partnership sues in its firm name, without disclosing the names of the partners, it must, by proper allegations, bring itself clearly within the statute [none such in Kansas except Gen. Stat. 1915, ch. 87] authorizing suits in such name. If for want of qualifying facts, the legal capacity of the plaintiff to sue does not appear, a demurrer for this cause will lie." (p. 282.)

In *Barbour, administratrix, v. Albany Lodge, No. 24, Free and Accepted Masons et al.*, 73 Ga. 474, the syllabus (and the opinion just as tersely) reads:

"1. Some person must be sued, either natural or artificial. Where suit was brought against 'Albany Lodge, No. 24, Free and Accepted Masons' and 'Albany Chapter No. 15, Royal Arch Masons,' without alleging either that the defendants were corporations, or that the members were partners, so as to be sued as such, there was no party defendant, and a demurrer was properly sustained.

"2. No person being sued, no case was in court, and there was nothing to amend by."

(See, also, *Grand International Brotherhood of L. E. v. Green,* [Ala.] 89 South. 435, and Vol. 20 Mich. L. R. [Dec. 1921], 245, 246.)

Since defendant's motion indicating these defects in the petition was overruled, defendant's demurrer cannot likewise be brushed aside.

The judgment is reversed and the cause remanded with instructions to sustain the demurrer to plaintiff's petition.