No. 37,565

WANETTA WELSH, *Appellee*, v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellant*.

(205 P. 2d 1019)

Opinion filed May 7, 1949.

*W. E. Treadway*, of Topeka, argued the cause, and *Edwin S. McAnany, Thomas M. Van Cleave, Willard L. Phillips*, all of Kansas City, *C. J. Putt* and *Henry Schulteis, Jr.*, both of Topeka, were with him on the brief for the appellant.

*A. J. Herrod*, of Kansas City, was on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: This is an appeal from an order overruling a demurrer to an amended petition following a denial of a motion to make said amended petition more definite and certain by stating therein the true place of residence of the plaintiff.

Plaintiff below (appellee) brought suit against the defendant (appellant) in the district court of Wyandotte county and alleged in her petition that she was a married woman; that while en route from Los Angeles, Cal. to Kansas City, Mo., for the alleged purpose of recuperating and recovering from a certain illness and while a passenger on a train of defendant she suffered certain alleged discourteous treatment from various employees of defendant resulting in her permanent mental and physical impairment. The petition contained no allegation whatever as to her residence.

The defendant filed a motion to make the petition more definite and certain in nineteen particulars, one being that the plaintiff be required to state her true place of residence. This motion was sus-

tained in three particulars and overruled as to the remaining, the ground above referred to with reference to plaintiff's residence being one of those so overruled.

Plaintiff then filed an amended petition substantially complying with the order of the court whereupon defendant filed its motion to make this amended petition definite and certain by stating the true place of residence of plaintiff. In support of said motion defendant submitted an affidavit of one of its counsel wherein he stated that he was unable to find that plaintiff was a resident of Wyandotte county after an examination of (1) the personal property tax rolls of said county; (2) the telephone directories of the Kansas City area; (3) the city directory of Kansas City, Kan.; and (4) the records of water and light utility service recipients in Kansas City, Kan. In opposition to this motion plaintiff's attorney filed his own affidavit in which he stated "that at the time the petition was filed in the above entitled cause, plaintiff was residing with her mother at 928 Armstrong Avenue, Kansas City, Kansas."

This motion to make the amended petition more definite and certain was overruled by the court, whereupon defendant filed a demurrer challenging the sufficiency of the amended petition for the reason that plaintiff had not stated her true place of residence. This demurrer was overruled, following which defendant appealed.

In its brief and argument in this court defendant states that—

"The question involved is that of the sufficiency of a petition, from all of the averments of which it is disclosed rather obviously that the plaintiff therein is a nonresident of the county in which the action is brought, and in which said petition the true place of residence and the correct post office address of the plaintiff is not alleged."

and in our decision we will confine ourselves to this one question.

This is a transitory action and plaintiff would not be precluded from bringing it in Wyandotte county even though she were not a resident of such county. G. S. 1935, 60-506, provides that any action against a railway corporation for any liability may be brought in any county into or through which such railway runs.

We cannot agree with defendant's contention that it is "disclosed rather obviously" by the amended petition that plaintiff was a nonresident of Wyandotte county at the time suit was filed. In fact, as we read this petition she could just as well have been a resident of Wyandotte county as of any other county or state. Further, we are not concerned with the question of her residence at the time of the

alleged injuries complained of, and in passing, it may be stated that the amended petition is also silent as to that fact. Even though she had been a bona fide resident of California or any other state prior to her taking the train to Kansas City, Mo., it does not necessarily follow either as a matter of law or from the allegations of her pleading that she was not a resident of Wyandotte county at the time the suit was filed. Our statute, G. S. 1935, 77-201 (23), defines "residence" as meaning the place adopted by a person as his place of habitation, and to which, whenever he is absent, he has the intention of returning.

Defendant relies heavily on the case of *Grolier Society v. Foster*, 110 Kan. 306, 203 Pac. 920, but the facts of that case are easily distinguishable from the one under discussion. Without going into detail it is sufficient to say the petition in that case obviously disclosed that the plaintiff was a nonresident and this court properly held that the petition should be made more definite and certain by stating the legal capacity of the plaintiff, that is, whether it was a partnership, a society, individual, corporation, or what—and that its correct post-office address should be alleged.

The venue of some types of action is governed by statute as for instance, G. S. 1935, 60-508, which provides that an action for divorce may be brought in the county of which the plaintiff is an actual resident at the time of filing the petition or where the defendant resides or may be summoned. G. S. 1935, 60-1502, provides that a plaintiff in a divorce action must have been an actual resident in good faith of the state for one year next preceding the filing of the petition and a resident of the county in which the action is brought at the time the petition is filed unless the action is brought in the county where the defendant resides or may be summoned. However, that is not this case.

G. S. 1935, 60-704, merely provides that the petition must contain—first, the name of the court and the county in which the action is brought, the names of the parties plaintiff and defendant followed by the word "petition;" second, a statement of the facts constituting the cause of action in ordinary and concise language without repetition; and third, a demand of the relief sought.

G. S. 1935, 60-422, reads as follows:

"If the plaintiff in any civil action is a nonresident of the county in which the action is brought, the petition shall state the true place of residence, or if a corporation, the principal place of business and the correct post-office address

of such plaintiff. If the petition fail to make the disclosure as above provided, the plaintiff, upon motion of any defendant, shall be required to amend his petition, and all costs to that date shall be taxed against the plaintiff. If the plaintiff further fails or refuses to comply with the order to amend, the action may, at the discretion of the court, be dismissed at plaintiff's cost."

This provision clearly provides that if the plaintiff in any civil action is a *nonresident* of the county in which the action is brought the petition shall state his true place of residence. Nowhere in our statutes or decisions do we find that such requirement is made of one who is not a nonresident of the county in which the action is brought and we have already stated that there is nothing in the amended petition to indicate that the plaintiff was a nonresident at the time suit was filed. It is only when the plaintiff is a nonresident that the place of residence is required to be stated.

We therefore hold that under the facts of this case as disclosed by the pleadings defendant's demurrer to the amended petition was quite properly overruled and the judgment is affirmed.