No. 44,440

KANSAS PRIVATE CLUB ASSOCIATION and WYANDOTTE CLUB ASSO-
CIATION, *Appellees,* v. ROBERT C. LONDERHOLM, Kansas Attorney
General, Topeka, Kansas; J. R. CHENEY, Director of Kansas
Alcoholic Beverage Control, Topeka, Kansas; PARK McGEE,
Assistant Attorney General and Attorney for Kansas Alcoholic
Beverage Control, Topeka, Kansas; CORDELL D. MEEKS, ALBERT
SACHEN, PETER J. MATSON, BOARD OF COUNTY COMMISSIONERS,
Wyandotte County, Kansas; LEO MORONEY, County Attorney
of Wyandotte County, Kansas; HARRY HIGGINS, Sheriff of Wyan-
dotte County, Kansas; JOSEPH H. McDOWELL, Mayor, Kansas
City, Kansas; EARL SWARNER and JOSEPH REGAN, City Com-
missioners of Kansas City, Kansas; C. W. BRENNEISEN, JR., City
Attorney, Kansas City, Kansas; and THEODORE PEACOCK, Chief
of Police, Kansas City, Kansas, *Appellants.*

(408 P. 2d 891)

Opinion filed December 16, 1965.

*Park McGee,* Assistant Attorney General, of Topeka, argued the cause, and *Robert C. Londerholm,* Attorney General, of Topeka, and *Leo J. Moroney,* Wyandotte County Attorney, and *C. W. Brenneisen, Jr.,* City Attorney, both of Kansas City, were with him on the briefs for the appellants.

*Roy Cook,* of Kansas City, argued the cause, and *James H. Dickens* and *William Cook,* both of Kansas City, were with him on the briefs for the appellees.

The opinion of the court was delivered by

HATCHER, C.: This was an action challenging the constitutionality of the statute regulating and licensing private clubs in which alcoholic beverages are consumed. (Laws of 1965, Chapter 316.) The Attorney General, the Alcoholic Beverage Control enforcement officers and the local law enforcement officers of Wyandotte County and the City of Kansas City were made parties defendant.

Briefly stated, the petition alleges that the plaintiffs are unincorported associations organized and existing in Wyandotte County, Kansas, and their members are composed of the private clubs designated in the petition.

The petition contains no allegations to the effect that plaintiffs are being injured or in any way threatened to be injured by the act regulating private clubs but alleges:

"The defendants are now wrongfully threatening to prevent plaintiffs' member clubs and their members from enjoying the privileges of said clubs, and will prevent them from so doing unless restrained by this court, whereby an irreparable injury will ensue to plaintiffs' member clubs and all of their members; that plaintiffs, their member clubs and all of their respective members have no redress of the wrongs herein complained, and no plain, speedy or adequate remedy at law, but only in equity."

After stating the specific grounds on which the validity of the statute was challenged, the petition concluded:

That by reason of the foregoing the defendants, and each of them, should be temporarily restrained and permanently enjoined from arresting these plaintiffs, their member clubs or their officers, members or employees and from interfering in any way whatsoever with the plaintiffs or their member clubs' operation of their club room facilities and purposes, . . ."

A temporary restraining order was issued enjoining the defendants from enforcing any of the various provisions of the act.

Defendants' motion to dismiss, which stated among other grounds, "The petition shows on its face that the plaintiffs have no capacity to bring this or any other action against anyone," was denied and defendants answered.

The case was tried to the district court on the issues of law presented by the pleadings. The court found most, if not all, of the important provisions of the act to be unconstitutional and issued an order permanently enjoining their enforcement.

The defendants have appealed. They first challenge the capacity of plaintiffs to maintain the action.

We are forced to agree with appellants' contention. In every cause of action there must be a plaintiff which is either a natural or an artificial person having a legal entity.

It is the general rule to which this jurisdiction has long adhered, that in the absence of a statute to the contrary, an unincorporated association is not a legal entity and can neither sue nor be sued in the name of the association. (*Brown v. United States*, 276 U. S. 134, 72 L. ed. 500, 48 S. Ct. 288; 67 C. J. S., Parties § 3, *et seq.*; 7 C. J. S., Associations § 35; 6 Am. Jr. 2d, Associations and Clubs § 42.)

It has been held that individuals and corporations are our only strictly legal entities in the absence of qualifying statutes. In the case of *Grolier Society v. Foster*, 110 Kan. 306, 203 Pac. 920, this court stated:

"Passing that, however, we come to a still more obvious question—the want of plaintiff's legal capacity to sue. Under our practice, a lawsuit can only be maintained by individuals or by corporations. These are our only strictly legal personages. . . . Here it may be said, inferentially at least, that the plaintiff is neither a person nor a corporation, and so its want of legal capacity to sue appears on the face of the petition, . . ." (p. 308.)

Later decisions approving the rule announced in the Grolier Society case may be found in *Ryan v. Ryan*, 156 Kan. 348, 354, 133 P. 2d 119; *State Association of Chiropractors v. Anderson*, 186 Kan. 131, 133, 348 P. 2d 1042.

The appellees rely on K. S. A. 60-223 (*a*) (3) as giving them capacity to sue as associations for the benefit of their members. The statute reads:

"CLASS ACTIONS. (*a*) *Representation.* If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued, when the character of the right sought to be enforced for or against the class is

"(3) several, and there is a common question of law or fact affecting the several rights and a common relief is sought."

We do not so construe the language quoted. The section deals with "class actions," and representation of the class by one or more members of the group. It does not anticipate actions by an association as a representative of its members. An association has no legal entity separate and apart from the members of which it is composed. An association has no right to, or control over, the property or business rights of its members. Any judgment rendered for or against it would be a nullity insofar as such rights of its members are concerned.

It is not the purpose of K. S. A. 60-223 (a) (3) to create legal entities out of voluntary, unincorporated associations, or to serve as an enabling act permitting such associations to bring actions in their own name as parties plaintiff.

As the judgment is a nullity because of timely objection to plaintiffs' lack of capacity to maintain the action, there is nothing before this court for consideration on the merits. It is noted, however, that in the recent case of *Tri-State Hotel Co. v. Londerholm*, 195 Kan. 748, 408 P. 2d 864, this court in a comprehensive opinion had occasion to consider constitutional objections similar to those raised in the petition now before us and found the act licensing and regulating private clubs (Laws of 1965, Chapter 316) to be constitutional in all respects.

The judgment is reversed with instructions to dissolve the injunction issued against the defendants and dismiss the action.

APPROVED BY THE COURT.