121 N.J. Super. 536 (1972)
298 A.2d 89
TOWNSHIP OF HANOVER, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, ET AL., PLAINTIFFS-RESPONDENTS,
v.
THE TOWN OF MORRISTOWN, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, ET AL., DEFENDANTS, AND THE NATIONAL BUSINESS AIRCRAFT ASSOCIATION, INC., A CORPORATION OF THE STATE OF NEW YORK, ET AL., APPLICANTS FOR INTERVENTION AS INTERVENOR-DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued December 5, 1972.
Decided December 19, 1972.
*537 Mr. Walter F. Waldau argued the cause for appellants (Messrs. Stryker, Tams & Dill, attorneys; Mr. Rexford L. Lyon, on the brief).
Mr. Edward F. Broderick, Jr. argued the cause for defendants amicus curiae in support of appellants' position (Messrs. Broderick & Grather, attorneys).
Mr. Harry L. Sears argued the cause for respondents (Messrs. Young & Sears, attorneys).
Before Judges LABRECQUE, KOLOVSKY and MATTHEWS.
PER CURIAM.
The order denying appellants' application for intervention is affirmed since we agree with the trial *538 court, substantially for the reasons set forth in its opinion reported at 118 N.J. Super. 136 (Ch. Div. 1972), that the application for intervention was untimely.
The application for intervention was made not only after final judgment was entered following a lengthy trial, but also after the time to appeal from the judgment had expired. Intervention after final judgment, let alone after the time to appeal therefrom has expired, is unusual and not often granted. 3B Moore's Federal Practice, ¶ 24.13 [1] at 526 (1969). "One seeking to intervene after final judgment must meet an especially heavy burden." 59 Am. Jur.2d, Parties, § 167 at 601 (1971).
While such intervention may be allowed "where it is the only way to protect the intervener's rights," Moore's Federal Practice, supra, at 527, that is not the situation in this case.
If, as appellants contend, rights granted them by federal law relating to air travel are being illegally interfered with at the Morristown Airport, they can bring an independent action to enforce and protect those rights. There is no justification for authorizing, at this late date, relitigation of a case which has already been tried and decided and whose only effect, as against whatever rights appellants may have, would be by way of stare decisis rather than by way of res judicata or collateral estoppel.
Affirmed.