(715 P.2d 417)
No. 57,701

FREY, INC., a Kansas Corporation, *Appellee/Cross-Appellant,* v. THE CITY OF WICHITA, WICHITA, KANSAS; THE BOARD OF COMMISSIONERS OF THE CITY OF WICHITA, KANSAS, *et al., Defendants,* and THE FIFTH DISTRICT HOMEOWNER'S ASSOCIATION, an Unincorporated Association, by ROBERT SUMMERS, an Individual Homeowner, *Intervenor-Appellant/Cross-Appellee.*

Opinion filed March 13, 1986.

*Robert L. Mitchell,* of Wichita, for intervenor-appellant/cross-appellee.

*Clark R. Nelson,* of Kahrs, Nelson, Fanning, Hite & Kellogg, of Wichita, for appellees/cross-appellants.

Before ABBOTT, C.J., RICHARD W. WAHL, District Judge, assigned, and FREDERICK WOLESLAGEL, District Judge retired, assigned.

ABBOTT, C.J.: This is a zoning appeal by an intervenor from the trial court's decision granting the plaintiff landowner a change in zoning classification from single-family (AA) to mobile home (G) on property owned by plaintiff. The plaintiff cross-appeals, raising the timeliness of the intervention and challenging the jurisdiction of this court to entertain this appeal on its merits.

The dispositive facts are uncontroverted. The trial court entered a final judgment on August 31, 1984. An *unsigned* notice of appeal was filed on October 1, 1984. The notice of appeal was timely filed, since the 30th day (September 30) was a Sunday.

The notice was filed on behalf of the Fifth District Homeowners Association (Association) by its attorney. The only sig-

nature on the notice of appeal is under the certificate of service and it is styled "Amicus Curiae."

Several problems are presented. The Association was never incorporated; therefore, it is not a legal entity and can neither sue nor be sued in the name of the Association. *Kansas Private Club Assn. v. Londerholm,* 196 Kan. 1, 408 P.2d 891 (1965). No argument is made that statutory authority exists which would permit the unincorporated Association to sue or be sued. Neither was the Association ever named a party in the lawsuit prior to its filing the notice of appeal, nor had it at any time attempted to intervene. The trial court, at a later date, permitted the Association to amend its notice of appeal so as to substitute an individual member to proceed on behalf of the Association.

On October 31, 1984, the Association filed a motion to intervene pursuant to K.S.A. 60-224(a)(2). A copy of that motion is not contained in the record on appeal. We do have the transcript of the hearing on the motion to intervene and the trial court's order allowing intervention.

K.S.A. 60-224(a)(2) provides:

"Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter substantially impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

As the statute indicates and the Kansas case law holds, the right to intervene in an action is dependent on the concurrence of three factors: (1) timely application, (2) substantial interest in the subject matter, and (3) inadequate representation of the applicant-intervenor's interest. *In re Petition of City of Shawnee for Annexation of Land,* 236 Kan. 1, 687 P.2d 603 (1984); *Hukle v. City of Kansas City,* 212 Kan. 627, 512 P.2d 457 (1973). Only the first factor, timely application, is in issue here.

In a position somewhat contrary to the general authorities, Kansas liberally construes the provisions of K.S.A. 60-224(a) in favor of intervention, especially when intervention is necessary to protect some right that would otherwise be unprotected. *In re Petition of City of Shawnee for Annexation of Land,* 236 Kan. 1; *Campbell American Legion v. Wade,* 210 Kan. 537, 502 P.2d 773 (1972). In addition to liberal construction, a motion to intervene is a matter addressed to the court's discretion. *American States*

*Ins. Co. v. Hartford Accident & Indemnity Co.*, 218 Kan. 563, 573, 545 P.2d 399 (1976).

It has been held that intervention is timely after a final decree in a case when necessary to perfect a zoning appeal that otherwise would not be taken. *Wolpe v. Poretsky*, 144 F.2d 505 (D.C. Cir.), *cert. denied* 323 U.S. 777 (1944); *Hukle v. City of Kansas City*, 212 Kan. 627; *Moyer v. Board of County Commissioners*, 197 Kan. 23, 415 P.2d 261 (1966). Allowing intervention at this late stage of the proceedings can be explained by the meaning given to a "timely application." Under K.S.A. 60-224(a)(2), "timely application" to intervene has no application until such time as adequate representation ceases. And the refusal of an existing party to take an appeal may be inadequate representation in some circumstances. *In re Petition of City of Shawnee for Annexation of Land*, 236 Kan. at 11; *Hukle v. City of Kansas City*, 212 Kan. 627, Syl. ¶ 3; *Moyer v. Board of County Commissioners*, 197 Kan. at 27.

In a case involving post-judgment intervention for the purpose of appealing the denial of class certification, the United States Supreme Court held that a motion to intervene filed 18 days after the entry of judgment was timely. This was obviously within the 30-day period for an appeal. *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 53 L. Ed. 2d 423, 97 S. Ct. 2464 (1977). It was stressed in *McDonald* that in all cases involving post-judgment intervention, the critical inquiry is whether in view of all the circumstances, the intervenor acted promptly after the entry of judgment. 432 U.S. at 395-96. At least implicitly, the Supreme Court hinted that a motion to intervene filed after the time period for taking an appeal would not be timely. One circuit court supports this position. Although the case involved permissive intervention rather than intervention by right, the court held as a matter of law that a motion to intervene is never timely if filed after all rights to appeal have expired. *Burney v. City of Pawtucket*, 728 F.2d 547, 549 (1st Cir. 1984). The First Circuit Court noted that to hold otherwise, a court could postpone finality at any time by adding a new party. See also *Tp. of Hanover v. Town of Morristown*, 121 N.J. Super. 536, 298 A.2d 89 (1972) (intervention after time to appeal has expired is untimely).

In examining the Kansas cases pertaining to post-judgment

intervention, the factual circumstances of those cases can be distinguished from the present case. In *Moyer v. Board of County Commissioners*, 197 Kan. 23, our Kansas Supreme Court reversed the trial court's refusal to allow adjoining landowners in a zoning action to intervene so as to appeal and challenge the reasonableness of the district court's decision. The trial court apparently determined intervention was untimely because the motion was made after judgment. In *Moyer*, the district court's judgment was entered on July 22, 1965. The attorney for the Board of County Commissioners informed the would-be intervenors that no appeal or motion for a new trial was going to be filed by the defendants. On July 27, 1965, the adjoining landowners filed a motion to intervene as defendants so that they could perfect an appeal of the zoning decision. *Moyer* is not factually on point with the instant case—there the intervention came within the appeal period. Moreover, after having been informed that no appeal was going to be taken, the intervenors were no longer adequately represented and promptly moved to intervene.

*Hukle v. City of Kansas City*, 212 Kan. 627, is also distinguishable on its facts. The landowner group which sought to intervene made two attempts. The first attempt came when the defendant City filed a motion for a new trial. Intervention at that point was properly denied because the City was adequately representing the group's interest. After the City's motion for a new trial was overruled, the City filed a timely notice of appeal from the trial court's zoning decision. Approximately six months later, during pendency of the appeal, the City filed a motion to dismiss its appeal. The very next day the landowner group moved to intervene once again in the case to pursue the appeal. The trial court dismissed the appeal and denied the motion to intervene. Our Supreme Court held that the second denial of intervention was erroneous, concluding that intervention was timely because at the point the City moved to dismiss its appeal the intervenors were no longer adequately represented. They moved quickly (one day later) to intervene. In *Hukle* an appeal was already pending when intervention was sought. The City had timely filed a notice of appeal. Moreover, the court had not yet acted on the City's dismissal motion when the landowner

group moved to intervene. Thus, there was still a proceeding pending.

The stage of proceedings in the case before us is very different from *Moyer* and *Hukle*. The district court's judgment on the merits of the zoning dispute was entered on August 31, 1984. The time period for appealing would expire on October 1, 1984. The Association moved to intervene on October 31, 1984, which was 61 days after judgment was entered and 30 days after the appeal period had expired. Unless the unsigned notice of appeal filed by the Association dictates otherwise, there was nothing pending at the time it attempted to intervene. The case was concluded upon the expiration of the 30-day appeal period, and the trial court was therefore without jurisdiction to entertain the intervention motion.

There is nothing in the record to indicate whether the City had informed anyone it intended to appeal, or if it did, when it did. However, the Association's attorney admitted at the hearing on the intervention application that representatives of the Association informed him two days before the appeal period lapsed that they wanted to appeal. They felt that their interests were not adequately represented by the City. A motion to intervene thus could have been filed within the appeal time, but instead, the attorney for the Association attempted to file a notice of appeal.

What is the effect of the Association-intervenor's notice of appeal filed October 1, 1984, on the last day for appealing the zoning decision of the district court? The trial court apparently concluded that this notice of appeal was effective to preserve the Association's right of review. In essence, after granting the Association intervenor status, the district court permitted the Association to amend its notice of appeal. In short, the amended notice of appeal related back to the first filing in order to be timely within the 30-day limit. We believe this was erroneous.

The first notice of appeal was ineffective for two reasons. First, when the Association filed its notice of appeal, it was not yet a party to the action. Intervention is a means by which one becomes a party to an action. 59 Am. Jur. 2d, Parties § 130. At the point the appeal was filed, the Association had not sought nor had it been granted intervention by the court. Thus, the Association was not a party to the action. And those who are not parties to an action have no standing to take part in the proceedings—in

this case, to take an appeal. 59 Am. Jur. 2d, Parties § 129. And as noted in *Hukle*, 212 Kan. at 632:

" 'Intervention is an action within an action and, being ancillary in nature, partakes of the character of the subject matter of the main action regardless of the character of its own subject matter. Jurisdiction of the intervention action is governed by jurisdiction of the main action . . . .'

. . . .

" 'Intervention presupposes the pendency of a suit in a court of competent jurisdiction, and one who voluntarily becomes a party thereto, impliedly, if not expressly, accepts the proceedings as he finds them at the time of the intervention; the intervenor is, for all intents and purposes, an original party.' "

Second, the unincorporated Association cannot be a party to a lawsuit. The trial court apparently recognized this when it permitted the Association to amend its notice of appeal so as to substitute an individual member to proceed on behalf of the Association. An unincorporated association is not a legal entity and has no capacity to sue or be sued. *Kansas Private Club Assn. v. Londerholm*, 196 Kan. at 3, 4; 39 Am. Jur. 2d, Parties § 22. Those who are not legal entities cannot be parties. Therefore, the attempted appeal by the unincorporated Association was a nullity; thus, there was no case in court and nothing for the trial court to amend. See 59 Am. Jur. 2d, Parties §§ 20-21.

By our concluding that the notice of appeal filed October 1, 1984, was ineffective, the trial court no longer had a case pending before it when the motion to intervene was filed. The appeal time had since elapsed. Therefore, the trial court did not have jurisdiction to entertain the intervention motion which was not filed until some 30 days after the time to appeal had expired. If, however, the Association's motion to intervene rather than its notice of appeal had been filed by October 1, 1984, the judgment of August 31, 1984, could not have become final because the rights of the intervenor would not yet have been adjudicated. The Association could have protected its right to appeal by filing its motion to intervene within the appeal period.

We conclude that we are without jurisdiction.

Appeal dismissed.