John Richard Ludbrooke
YOUELL, Plaintiff,

v.

Cynthia GRIMES, et al., Defendants.

No. CIV. A. 00–2207–JWL.

United States District Court,
D. Kansas.

Sept. 21, 2001.

Mark A. Shaiken, David E. Everson, Jr., Greta Ann McMorris, Stinson, Mag & Fizzell, P.C., Kansas City, MO, Nancy K. Tordai, Anastasia Markakis Nye, Kari A. Timm, Hanson & Peters, Barrington, IL, for plaintiff.

John J. Miller, Thomas M. Franklin, Kansas City, MO, for defendants.

### MEMORANDUM AND ORDER

WAXSE, United States Magistrate Judge.

This matter is before the Court on the following motions filed by Defendants: (1) Motion for Leave to Name Syndicate No. 79 and Its Participating Members as Parties to Counterclaim (doc. 66); (2) Motion for Order Fixing Cash Deposit of Unauthorized Insurer (doc. 53); and (3) Motion Requesting Clarification of Withdrawal of Reference and Consolidation (doc. 54).

**I. Defendants' Motion for Leave to Name Syndicate No. 79 and Its Participating Members as Parties to Counterclaim (Doc. 66)**

**A. Background Information**

This action arises out of a controversy between the parties regarding the availability of insurance coverage under a Certificate of Insurance ("Certificate") issued by certain underwriters ("Underwriters") at Lloyd's, London ("Lloyd's") to Defendant Stoico Restaurant Group, Inc. ("SRG") and its officers and directors. Plaintiff Richard Ludbrooke Youell ("Youell") brings this action seeking declaratory relief on behalf of himself and the other Underwriters.

Before further explaining the instant lawsuit, the Court finds its would be helpful to describe the rather unique structure of Lloyd's. The Third Circuit in *Chemical Leaman Tank Lines v. Aetna Cas. and Sur. Co.,* 177 F.3d 210 (3d Cir.1999) describes Lloyd's as follows. "Lloyd's is an association that provides the physical premises and the administrative services and staff to enable insurance underwriters to carry on their business. *Id.* Lloyd's is not an insurance company but rather an insurance market, where various individuals or groups bid on the right to insure a given risk. *Id.* Lloyd's takes no part in the business of underwriting; policies are underwritten *at* Lloyd's and not *by* Lloyd's." *Id* (emphasis added).

Individuals who meet certain requirements are allowed to join the market and allowed to underwrite risks in the market. *Id.* The individuals are referred to as members, underwriters, or "Names." *Id.* The various members, underwriters, or Names form groups called "Syndicates." *Id. See also* Declaration of David Shears, ¶ 5, Ex. A. to Plaintiff's Objection to Defendants' Motion for Leave to Name Syndicate No. 79 and Its Participating Members as Parties to Defendants' Counterclaim (doc. 70) ("Shears Declaration"). Certain Names become liable on a given risk. *Id.,* ¶ 4. The individual Names, and not the Syndicates, assume the liability underlying each risk underwritten. *Id.,* ¶ 5. Each individual Name subscribing to a particular risk is personally liable to the extent of the percentage share of the risk he/she has assumed. *Id.,* ¶ 6.

Youell is a Name belonging to Syndicate No. 79 and is the "Active Underwriter" for that Syndicate. *Id.,* ¶ 11. Syndicate No. 79 is the "Lead Underwriter" to the Certificate. *Id.* As "Active Underwriter," Youell is authorized to underwrite risks on behalf of himself and the other Names within his Syndicate. *Id.,* ¶ 9. In addition, he has the power to sue for and bind the other Names subscribing to the Certificate. *Id.,* ¶ 16.

**506**

The Certificate is a Directors and Officers and Company Reimbursement Indemnity Certificate ("Certificate"). *See* Exhibit A to Shears Declaration. The Certificate contains a "Cooperation Clause" that requires the "Assureds" (SRG and its officers and directors) to provide the Underwriters with information, assistance, and cooperation as reasonably requested by the Underwriters. *Id.;* Clause IX of the Certificate. The Cooperation Clause also requires the Assureds to refrain from taking any action that would increase the Underwriters' exposure under the Certificate. *Id.*

In 1997, a lawsuit was filed against SRG and its officers and directors by Billy and Grace Balee and Ashok Shah (the "Balee Lawsuit")[1], on behalf of themselves and a class of shareholders who purchased SRG common stock in an initial public offering in 1996. The Balee Lawsuit alleged that SRG and its officers and directors had committed securities fraud in connection with the initial public offering. Prior to resolving the Balee Lawsuit, SRG filed for relief under Chapter 11 of the Bankruptcy Code. Defendant Cynthia Grimes was appointed as Designated Representative of SRG, and the Bankruptcy Court issued an order confirming SRG's Amended Plan of Reorganization.

In the instant lawsuit, Youell alleges that Defendants breached the requirements of the Cooperation Clause by filing an answer in the Balee Lawsuit admitting all of the essential allegations of the Balee complaint and by failing to assert any defenses. Amended Complaint for Declaratory Relief (doc. 43), ¶ 1. Youell claims that as a result of Defendants' actions, the Balee plaintiffs increased their settlement demand. This in turn caused Defendants to demand that the Underwriters consent to settling the Balee Lawsuit for $1.7 million. *Id.,* ¶¶ 39–40.

Youell seeks declaratory relief on behalf of himself and the other Underwriters on the Certificate. *Id.,* Introductory Paragraph at p. 1 and ¶ 2. He seeks a judicial declaration that SRG, through its Designated Represen-

tative, Defendant Cynthia Grimes, breached the Cooperation Clause of the Certificate, thereby precluding any coverage for, or monetary payment to, Grimes and SRG in connection with the Balee Lawsuit, including payment of any defense costs, any judgment to be entered in the Balee Lawsuit, and any settlement of the Balee Lawsuit. *Id.,* ¶ 44. Alternatively, Youell seeks a judicial declaration that the Certificate's "Assured vs. Assured" exclusion excludes coverage for that part of the Balee Lawsuit which was brought on behalf of, or at the direction of, SRG against its own directors and officers. *Id.,* ¶ 1.

On November 12, 2000, Defendants filed an answer to Plaintiff's Amended Complaint for Declaratory Relief (doc. 50) and, for the first time, asserted a counterclaim against "Syndicate No. 79 of Lloyd's, London and each of its Participating Members."[2] Doc. 50 at p. 20. Neither Syndicate No. 79 nor its Participating Members (with the exception of Youell) were parties to the lawsuit at the time the Counterclaim was filed. Defendants have yet to serve the Counterclaim on the Syndicate or any of its Participating Members (with the exception of Youell).

At a hearing before the undersigned Magistrate Judge on November 8, 2000, Youell brought to the Court's attention the fact that Defendants had filed a counterclaim against new parties without obtaining leave of court to do so. The Court ordered Defendants to file a motion for leave to add parties within seven days. Defendants subsequently filed the instant Motion for Leave to Name Syndicate No. 79 and Its Participating Members as Parties to Counterclaim.

Defendants' Counterclaim seeks declaratory relief. Among, other things, it seeks a declaration that (1) the Certificate affords coverage to SRG for the claims asserted in the Balee Lawsuit; (2) no exclusion bars coverage for the claims asserted in the Balee Lawsuit; and (3) Defendants have not breached any provision of the Certificate. Counterclaim (doc. 50), ¶ 12. Defendants

---

1. The Balee Lawsuit, which was originally filed in state court, was removed to this Court and is presently pending. *See* Case No. 00–1186–MLB.

2. While Defendants use the term "Participating Members" to refer to the individual Underwriters in Syndicate No. 79 who have subscribed to the

Certificate, Youell uses the term "Names" to describe these individuals. Youell does not indicate that the "Participating Members" are any different from the "Names," and, thus, the Court will use the terms synonymously.

also seek their attorney fees pursuant to K.S.A. 40–256. *Id.*

## B. The Parties' Arguments

Defendants have filed no supporting memorandum and only a short motion.[3] In their motion, Defendants argue, without any legal support, that Syndicate No. 79 and its Participating Members are "opposing parties" within the meaning of Fed.R.Civ.P. 13, and, thus, leave of court should not be required to assert a counterclaim against them. They argue alternatively that if the Syndicate and its Participating Members are not deemed opposing parties, Defendants should be granted leave to name them as parties to the Counterclaim. Defendants do not explain why they should be granted leave to join the Syndicate or its Members nor do they provide any legal analysis of these issues. They do assert that the Certificate is an agreement between Syndicate No. 79 and SRG, but do not support that contention with any evidence.

Youell opposes Defendants' motion,[4] arguing that Syndicate No. 79 and its Participating Members are not "opposing parties" under Rule 13 because they are not already parties to this lawsuit, *i.e.*, not named plaintiffs. Furthermore, Youell argues that there is no justifiable reason for adding hundreds of Participating Members or "Names" on the Certificate to this lawsuit. He explains that under Clause XII of the Certificate, when a lawsuit is instituted against any one Name on the Certificate, all of the Names are bound by the final decision of the Court. Specifically, Clause XII states: "[I]n such suit instituted against any one of the Underwriters upon this Certificate Underwriters will abide by the final decision of such court or of any appellate court in the event of an appeal." Clause XII, Certificate. *See also* Shears

Declaration, ¶ 16 ("[I]n his capacity as a Name belonging to Syndicate No. 79 ... Youell has the power ... to bind the other Names subscribing to the Certificate.").

Youell also argues that Defendants should not be allowed to assert a counterclaim against Syndicate No. 79 because it is the *Names* subscribing to the Certificate and not the *Syndicates* that assume the legal liability underlying each risk underwritten. *See id.*, ¶ 5 ("THE INDIVIDUAL Names, not the syndicates, assume the liability underlying each risk underwritten."). Additionally, Youell states that Syndicate No. 79 is not even a party to the Certificate, and Defendants are simply wrong when they assert that the insurance agreement is between the Syndicate and SRG. *See id.*, ¶ 6 (the holders of the policies "enter into contractual relations with each specific Name who has been subscribed to the policy"); Certificate at p. 1 ("THIS INSURANCE is effected with certain Underwriters at Lloyd's, London...."); *Id.* at p. 4 ("In consideration of the payment of the premium, in reliance on the statements in the Application and subject to all of the provisions of this Certificate, *Underwriters and the Assureds agree* as follows:") (emphasis added).

Finally, Youell asserts that Defendants are prohibited from suing Syndicate No. 79 because it is not a legal entity.

## C. Analysis

### 1. Are Syndicate No. 79 and its Participating Members "opposing parties" for purposes or Rule 13?

 The Court agrees with Youell that Syndicate No. 79 and its Participating Members are not "opposing parties" for purposes of either Fed.R.Civ.P. 13(a) or (b), as they are not already parties to the lawsuit. Sub-

---

3. Defendants fail to attach to their motion either an original or copy of their proposed counterclaim. The Court will overlook this failure to do so given that Defendants have actually filed the Counterclaim, which gives the Court notice of the claims they wish to assert against Syndicate No. 79 and the Participating Members. The Court does not, however, condone Defendants' filing of the Counterclaim against new parties without first filing a motion to obtain leave to add new parties, as required by Paragraph "g" of the Court's August 23, 2000 Scheduling Order (doc. 20).

4. Youell does not at this time oppose the filing of the Counterclaim against *himself.* He only opposes the motion to the extent it seeks to add the other Participating Members of Syndicate No. 79 and the Syndicate. The Court notes, however, that Youell did file a Rule 12(b)(6) motion to dismiss the Counterclaim, but on grounds unrelated to the present motion. Judge Lungstrum denied the motion to dismiss on February 19, 2001 (*see* doc. 100), and Youell has filed an individual answer to the Counterclaim.

sections (a) and (b) of Rule 13 allow a party to state as a counterclaim "any claim which at the time of serving the pleading the pleader has against any *opposing party.*" Fed. R.Civ.P. 13(a) and (b) (emphasis added). The term "opposing party" refers only to a person or entity that is *already a party* in the action when the counterclaim is asserted. *Bank of Vermont v. Lyndonville Sav. Bank & Trust Co.*, 906 F.Supp. 221, 228 (D.Vt. 1995); *Leon Tempelsman & Son v. TECC Corp.*, 107 F.R.D. 384, 385 (N.D.Tex.1985). *See also* 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure 2d, § 1404 at 24 ("[O]ne important factor [in determining whether parties are opposing parties for purposes of Rule 13] is whether the party against whom the counterclaim is asserted is actually a party to the action.").

█ It is undisputed that Youell and Defendants were the only parties to this action when the Counterclaim was filed. The fact that Youell brings this action *on behalf of* the other Names who subscribe to the Certificate does not render the Syndicate or its other Names parties to the action. The Court is not aware of any case law that would support such an argument,[5] and Defendants have not directed the Court to any such law. The Court therefore holds that neither the Syndicate nor its Participating Members (with the exception of Youell, who is the named Plaintiff) are "opposing parties" within the meaning of Rule 13. It therefore follows that leave of court must be granted before a counterclaim may be asserted against them.

**2. Should the Court grant Defendants leave to join Syndicate No. 79 and its Participating Members as counterclaim defendants?**

*a. Joinder of Syndicate No. 79*

█ The Court will now address Youell's argument that Syndicate No. 79 may not be

joined as a counterclaim defendant because it is not a legal entity. The Court agrees with Youell that the Syndicate may not be joined for this reason. This is true, regardless of whether the law of Great Britain or Kansas is applied.

Syndicate No. 79, like the other Lloyd's Syndicates, was formed under the law of Great Britain. It is well settled under that country's law that Lloyd's Syndicates do not constitute legal entities. *See Chemical Leaman Tank Lines, Inc. v. Aetna Cas. and Sur. Co.*, 177 F.3d 210, 221 (3d Cir.1999) ("[Lloyd's] Syndicates are not legal entities."); *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 929 (2d Cir. 1998) ("[The Lloyd's] syndicates themselves have been said to have no independent legal identity"); *Humm v. Lombard World Trade, Inc.*, 916 F.Supp. 291, 299 (S.D.N.Y.1996) ("Lloyd's syndicates are not recognized as legal entities under British law."); *Roby v. Corporation of Lloyd's*, 796 F.Supp. 103, 105 (S.D.N.Y.1992) ("It is undisputed that under the law of England, the syndicates do not constitute legal entities."). Because Lloyd's Syndicates are not recognized as legal entities under British law, they may not be sued in federal court in the United States. *Id.* at 105–107, 111.

In light of the above, the Court holds that under British law, Syndicate No. 79 is not a legal entity and therefore may not be joined as a counterclaim defendant in this lawsuit.

█ If Kansas rather than British law is considered controlling, the outcome would be the same. It appears without question that Syndicate No. 79 is an unincorporated association.[6] Kansas has "long adhered" to the rule that "in the absence of a statute to the contrary, an unincorporated association is not

5. In fact, case law would tend to point to the opposite conclusion. A number of cases have addressed the "opposing party issue" in cases where the plaintiff sues in one capacity and the defendant asserts a counterclaim against him in another capacity. Those cases have held that the counterclaim may not be brought against the plaintiff in a different capacity. *See* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane,

Federal Practice and Procedure 2d, § 1404 at 19–20 and cases cited therein. Here, Defendants would be asking the Court to go much further and permit not just a counterclaim against a party in a different capacity, but against all the individuals whom the plaintiff is representing in his representative capacity.

6. The Court has been unable to find a Kansas statutory or case law definition of unincorporat-

a legal entity and can neither sue nor be sued in the name of the association." *Kansas Private Club Ass'n v. Londerholm*, 196 Kan. 1, 3, 408 P.2d 891 (1965). Thus, if Kansas law is applied, Syndicate No. 79 may not be sued and may not be joined as a party to Defendants' counterclaim.

Accordingly, the Court holds that under either British or Kansas law, Syndicate No. 79 is not a legal entity. It therefore may not be joined as a counterclaim defendant,[7] and the Court will deny Defendants' motion to the extent Defendants seek to assert a counterclaim against Syndicate No. 79.

#### b. Joinder of the Participating Members

 As noted above in Part I.C.1, the Participating Members are not "opposing parties" within the meaning of Fed.R.Civ.P. 13(a) and (b). That does not, however, automatically preclude Defendants from joining them as counterclaim defendants. The Court must proceed to determine whether they may be joined pursuant to subsection (h) of Rule 13. That subsection provides that "[p]ersons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20." Fed.R.Civ.P. 13(h). Rule 19 deals with *compulsory* joinder of necessary and indispensable parties, while Rule 20 deals with *permissive* joinder of parties.

Rule 20 provides for permissive joinder under the following circumstances:

> All persons ... may be joined in one action as defendants if there 'is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the actions.

Fed.R.Civ.P. 20(a).

Accordingly, permissive joinder of the Participating Members should be allowed in this case if: (1) Defendants assert joint, several, or alternative relief against them; (2) the requested relief arises out of the same transaction or occurrence underlying the claim for

---

ed association. The Kansas Supreme Court has, however, distinguished between unincorporated associations on the one hand and individuals and corporations on the other hand, for purposes of determining when a party may sue or be sued. *See Kansas Private Club Ass'n v. Londerholm*, 196 Kan. 1, 3, 408 P.2d 891 (1965). As Syndicate No. 79 is neither an individual nor a corporation, it should be deemed an unincorporated association under Kansas law, at least for purposes of determining whether it may be sued.

> In addition, the Court finds that Syndicate No. 79 should be deemed an unincorporated association as that term is defined under the general common law. *See Karl Rove & Co. v. Thornburgh*, 39 F.3d 1273, 1289 (5th Cir.1994) (unincorporated association "is defined generally as a body of individuals acting together for the prosecution of a common enterprise"); Howard L. Olick & Martha E. Stewart, Nonprofit Corporations, Organizations, and Associations § 11, at 33 (6th ed.1994) (defining unincorporated association as a "body of people united in purpose and acting together").
>
> The Court's conclusion is consistent with the majority of courts that have held Lloyd's Syndicates are unincorporated associations. *See, e.g., Indiana Gas Co., Inc. v. Home Ins. Co.*, 141 F.3d 314, 317–18 (7th Cir.1998); *Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir.1998); *McAuslin v. Grinnell Corp.*, No. CIV. A. 97–775, 2000 WL 1059850,

*4 (E.D.La. Aug.1, 2000); *Allendale Mut. Ins. Co. v. Excess Ins. Co. Ltd.*, 62 F.Supp.2d 1116, 1129 (S.D.N.Y.1999).

7. Because the Court finds that Syndicate No. 79 is not a legal entity and therefore not amenable to suit, the Court is not required to determine whether the Syndicate has the *capacity* to be sued under Fed.R.Civ.P. 17(b). As the court noted in *Roby v. Corporation of Lloyd's*, 796 F.Supp. 103, 105 (S.D.N.Y.1992), capacity to be sued and legal existence are separate and distinct concepts. The *Roby* Court stated: "Both capacity to be sued and legal existence are prerequisites to the suability of an entity, but Rule 17(b) speaks only to capacity to sue or be sued."

> Even if the Court were to examine Syndicate No. 79's capacity to be sued, it would find such capacity lacking. Rule 17(b) provides that the capacity of a party that is not an individual or a corporation is to be determined by the law of the state in which the district sits. Kansas law holds that unincorporated associations do not have the capacity to be sued. *See University of Texas at Austin v. Vratil*, 96 F.3d 1337, 1339 (10th Cir.1996) (under Kansas law, unincorporated associations lack capacity to sue or be sued in their own name); *Frey, Inc. v. City of Wichita*, 11 Kan.App.2d 116, 121, 715 P.2d 417 (Kan.App.1986) ("An unincorporated association ... has no capacity to sue or be sued.").

relief against Youell; and (3) any common questions of law or fact will arise in this action. The Court finds that all three factors are met here.

With respect to the first factor, Defendants seek a declaratory judgment on the Participating Members' liability under the insurance agreement. According to the Certificate, the Names are severally liable for their proportionate share of the loss on the insurance contract. *See* Certificate, Introductory Page ("Underwriters do hereby bind themselves each for his own part, and not one for another. . . ."). *See also* Shears Declaration, ¶ 6 (each individual Name subscribing to the risk is personally liable to the extent of the percentage share of the risk he has assumed). *See also E.R. Squibb & Sons v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 929 (2d Cir.1998) ("[A]ll the Names subscribing to [the Lloyd's] policy are liable for their several shares of any adverse judgment against the Lloyd's underwriters.") The Court therefore finds that the first factor is met.

The Court also finds that the second factor is met. The relief sought from Youell is the same relief sought from the other Participating Members, *i.e.*, a declaration that each Member is liable to Defendants under the Certificate. That relief arises out of the very same certificate of insurance.

Finally, the Court finds that the third factor is also met, in that virtually all—if not all—questions of fact and law will be common to each Participating Member.

In light of the above, the Court holds that the Counterclaim allegations are sufficient to allow *permissive* joinder of the Participating Members pursuant to Rules 13(h) and 20.[8] The Court will therefore grant Defendants' motion to the extent Defendants seek to join the Participating Members as parties to the Counterclaim.

### 3. Summary of ruling

In light of the above, the Court will grant in part and deny in part Defendants' Motion for Leave to Name Syndicate No. 79 and its Participating Members as Parties to Counterclaim (doc. 66). Defendants are hereby granted leave to assert their Counterclaim against the Participating Members of Syndicate No. 79. Defendants shall serve the Counterclaim on said Participating Members within *ten (10) days* of Youell's service of his Rule 26(a)(1)(A) disclosures regarding the Participating Members, as set forth in the Court's April 13, 2001 Memorandum and Order granting Defendants' Motion to Compel Initial Disclosures as it applies to individuals. The Participating Members (with the exception of Youell, who has already filed an answer to the Counterclaim) shall file their answer(s) within *twenty (20) days* of service of the Counterclaim against them.

Defendants are denied leave to join Syndicate No. 79. Because Defendants filed their Counterclaim asserting claims against Syndicate No. 79 without obtaining leave to do so, the Court will strike all portions of the Counterclaim (doc. 50) that purport to assert claims against Syndicate No. 79.

### II. Defendants' Motion for Order Fixing Cash Deposit of Unauthorized Insurer (doc. 53)

Defendants move for an order requiring Syndicate No. 79 and each of its Participating Members, including Youell, to post with the Clerk of the Court pre-answer security in the form of a cash deposit in the amount of two million dollars, the amount of insurance coverage in this case.[9] Defen-

---

8. Because the Court will allow the *permissive* joinder of the Participating Members, the Court need not address whether joinder of the Participating Members is *required* pursuant to Rule 19. *Compare Allendale Mut. Ins. Co. v. Excess Ins. Co. Ltd.*, 62 F.Supp.2d 1116, (S.D.N.Y.1999) (holding that each underwriter in Lloyd's Syndicate was indispensable party) *with E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, No. 82 CIV. 7327JSM, 1999 WL 350857, *11 (S.D.N.Y. June 2, 1999) (holding that all Names were not indispensable parties).

9. The Court notes that this is the second motion of this type that Defendants have filed. The first motion was filed before any counterclaim was on file, and Judge Lungstrum denied the motion, holding that K.S.A. 40–2003 does not apply to a lawsuit instituted by, and not against, an unauthorized foreign insurer for declaratory relief. *See* doc. 34.

dants'. request is based on the Kansas Unauthorized Insurers Process Act (the "Act"), and, in particular, K.S.A. 40–2003(a), which provides as follows:

> Before any unauthorized foreign or alien insurer shall file or cause to be filed any pleading in any action, suit or proceeding instituted against it, such unauthorized insurer shall deposit with the clerk of the court in which such action, suit or proceedings pending cash or securities or file with such a clerk a bond with good and sufficient sureties to be approved by the court, in an amount to be fixed by the court sufficient to secure the payment of any final judgment which may be rendered in such action. . . .

K.S.A. 40–2003(a).

Youell does not dispute Defendants' allegation that he, the Participating Members, and Syndicate No. 79 are "unauthorized foreign insurers" within the meaning of the Act. He does, however, assert numerous arguments as to why none of them should be required to provide any security.

The Court agrees with Youell that K.S.A. 40–2003(a) is wholly inapplicable to Syndicate No. 79. The Syndicate is not now, and has never been, a party to this action the Court. The Court will therefore deny Defendant's motion as to the Syndicate.

The Court will now proceed to determine whether the statute is applicable to Youell and the other Participating Members, who *are* parties to the Counterclaim. The Court finds persuasive Youell's argument that the purpose of the Act would not be furthered by requiring him and the other Participating Members to provide security. The policy behind the Act, as is expressly stated in K.S.A. 40–2001, is to subject unauthorized insurers to the jurisdiction of the Kansas courts:

> The purpose of this act is to subject certain insurers to the jurisdiction of courts of this state by or on behalf of insureds or beneficiaries under insurance contracts.

> The legislature declares that it is a subject of concern that many residents of this state hold policies of insurance issued or delivered in this state by insurers while not authorized to do business in this state, thus presenting to such residents the often insuperable obstacle of resorting to distant forums for the purpose of asserting legal rights under such policies.

K.S.A. 40–2001.

The Court finds no basis to apply the Act here, where Youell has already brought himself within the Court's jurisdiction by filing this action on behalf of himself and the other Names subscribing to the risk. While the other Names themselves did not personally join in the action, they are contractually bound through Clause XII of the Certificate to honor the final decision of this Court. Under these circumstances, the Court does not find that the purpose of the Act would be furthered by requiring Youell or the other Participating Members to provide any security.

■ The Court also finds K.S.A. 40–2003 inapplicable here because Defendants do not seek monetary damages in their Counterclaim. K.S.A. 40–2003 requires the unauthorized insurer to deposit cash or securities or to post a bond in an amount "sufficient to secure the *payment of any final judgment* which may be rendered in such action." K.S.A. 40–2003(a) (emphasis added). Defendants are seeking only a declaration of their rights under the Certificate and no monetary damages. Although they do seek their attorney fees pursuant to K.S.A. 40–256, such fees are recoverable only as costs. *See* K.S.A. 40–256 (when judgment is rendered against any insurer and the evidence shows that the insurer has refused without just cause to pay the full amount of the loss, the court shall allow the plaintiff a reasonable sum as an attorney fee "to be recovered and collected *as a part of the costs* ") (emphasis added). The Court does not read K.S.A. 40–256 so broadly as to require a deposit or bond to secure the payment of any *costs* that may be awarded.

In light of the above, the Court will deny Defendants' Motion for Order Fixing Cash Deposit of Unauthorized Insurer (doc. 53).

### III. Defendants' Motion Requesting Clarification of Withdrawal of Reference and Consolidation (doc. 54)

The Court finds that this issue was resolved in the related bankruptcy proceeding (In Re: Stoico Restaurant Group, Inc., Case No. 98–20602–11) when U.S. Bankruptcy Judge John Flannagan ruled at a November 16, 2000 hearing that "11 U.S.C. § 362 does not apply to Movant's [Youell's] disputes with the Trustee over payment of attorneys fees under the Debtor's Directors and Officers insurance certificate." Order Granting Relief from the Automatic Stay, filed January 10, 2001. This motion is therefore denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion for Leave to Name Syndicate No. 79 and Its Participating Members as Parties to Counterclaim (doc. 66) is granted in part and denied in part. Defendants are hereby granted leave to assert their Counterclaim against the Participating Members of Syndicate No. 79. Defendants shall serve the Counterclaim on said Participating Members within *ten (10) days* of Youell's service of his Rule 26(a)(1)(A) disclosures regarding the Participating Members, as set forth in the Court's 13, 2001 Memorandum and Order granting Defendants' Motion to Compel Initial Disclosures as it applies to individuals. The Participating Members (with the exception of Youell, who has already filed an answer to the Counterclaim) shall file their answer(s) within *twenty (20) days* of service of the Counterclaim against them. Defendants are denied leave to join Syndicate No. 79. The Court will strike all portions of the Counterclaim (doc. 50) that purport to assert claims against Syndicate No. 79.

**IT IS FURTHER ORDERED** that Defendants' Motion for Order Fixing Cash Deposit of Unauthorized Insurer (doc. 53) is denied.

**IT IS FURTHER ORDERED** that Defendants' Motion Requesting Clarification of Withdrawal of Reference and Consolidation (doc. 54) is denied.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this __ day of September, 2001.