**UNITED STATES v. E. I. DU PONT DE NEMOURS & CO. et al.**

**No. 49 C 1071.**

United States District Court
N. D. Illinois, E. D.

Jan. 20, 1953.

See also, D.C., 13 F.R.D. 98, 107 F.Supp. 324.

---

3. The Alexandria Division of the United States District Court for the Eastern District of Virginia.

Joseph P. Savage, Chicago, Ill., pro se.

E. Houston Harsha, Department of Justice, Anti-Trust Div., Chicago, Ill., for the Government.

Sidley, Austin, Burgess & Smith, Chicago, Ill., for E. I. du Pont de Nemours Co.

Pope & Ballard, Chicago, Ill., for General Motors Corp.

Snyder, Chadwell & Fagerburg, Chicago, Ill., for U. S. Rubber Co.

LA BUY, District Judge.

Joseph P. Savage, averring to be the beneficial owner of common stock in the E. I. du Pont de Nemours Company and co-owner in a fiduciary capacity of shares in the common stock of General Motors Corporation, requests the court to exercise its discretion to permit his appearance pro se in the above suit for the reason "he verily believes that his interests and the interests of his beneficiaries as shareholders in said corporations are being adversely affected by these proceedings".

A stranger to an action has no right to appear or defend unless he possesses an interest which will be affected by the pending action. In that event, the applicable modes of procedure to assure him protection of that interest are set forth in Moore's Federal Practice, 2nd ed., Volume 4, page 8 as follows:

"* * * In a very limited situation he may have himself substituted for a party. He may always offer himself as an amicus curiae. But it is to intervention that non-parties must

generally resort for protection or affirmative relief in pending litigation."

It is clear from the motion before the court that Mr. Savage is not requesting to appear as amicus curiae or to be substituted for a party. Counsel for the government, the du Pont Company, and General Motors Corporation filed their objections to allowance of this motion for the reason that the procedural requirements set forth in Rule 24, Federal Rules of Civil Procedure, 28 U.S.C.A., which govern intervention have not been complied with and further that Mr. Savage cannot qualify either as an intervenor of right or as a permissive intervenor. With this application of Rule 24 to the present motion, this court must agree.

Nevertheless, the movant contends that it is not his intention to ask this court for leave to intervene and become a formal party to the proceedings, but it is his purpose to file his appearance and "have court recognition of his rights as an interested party to be heard"'for three reasons: (1) to expedite the estimated trial time, (2) to challenge certain remarks made on behalf of the government in opening statements and possible future statements "calculated to influence public opinion" thereby affecting the good will of the companies and reflecting upon the value of the stock, and (3) the value of the stock he holds will be adversely affected in the event of a judgment against the defendant corporations.

It is conceded by Mr. Savage that no precedent exists wherein an appearance of the nature requested has been permitted without an adherence to recognized rules of practice and procedure.

Whether or not movant should be permitted to file his appearance as an interested party to be heard must rest ultimately upon the quality of the right he seeks to assert or to defend. The right or duty to expedite a trial where the corporation is defendant; the right or duty to protect the good will of the corporation; the right or duty to protect the value of corporate stock held by shareholders—

all of these rights and duties belong primarily to the corporation. Fletcher, Cyc. of Corporations, Perm.Ed., Volume 13, pages 197–199, 272–275. It is apparent, therefore, that the movant is not asserting rights which are personal to him.

The law governing the relationship between corporations and their stockholders in situations such as this is clear and it would prolong this memorandum unduly to cite and analyze the applicable cases. It is settled law that when an action at law or a suit in equity is brought against a corporation, it is the duty of the corporation to defend and the defense and management of the suit, like other matters pertaining to the affairs of the corporation, is primarily the responsibility of the corporation. Fletcher, Cyc. of Corporations, supra. Stockholders cannot appear and answer or defend either for the corporation or on their own behalf. As stated in In re Babcock, 7 Cir., 1928, 26 F.2d 153, 156:

"It is elementary that in corporate litigation the corporate stockholders are represented by the corporation, and that, in general, the stockholders or individuals or groups of them are not entitled to intervention or separate representation. Hawes v. Oakland, 104 U.S. 450, 26 L.Ed. 827; Corbus v. Alaska Treadwell Gold Mining Co., 187 U.S. 455, 463, 23 S.Ct. 157, 47 L. Ed. 256. * * *"

Assertion of the stockholder's right to defend is recognized only where the corporation has upon his request refused to defend or where the corporation is inadequately represented. Fletcher, Cyc. of Corporations, supra; Moore, Federal Practice, 2nd Ed., Volume 4, pages 40–41. Neither of these conditions have been shown to exist in the instant case. Whether measured by numbers or by competency, the question of adequacy of representation presents little difficulty. The court judicially recognizes an array of talent seldom equalled in history.

The court is therefore of the opinion the movant has not shown he is pos-

sessed of that interest which would entitle him to appear or defend, and has not followed the mode of orderly procedure set forth by the rules. For these reasons the motion of Joseph P. Savage is denied and an order in accord therewith has this day been entered.

