See also, D.C., 622 F.Supp. 737.

**Paul LAXALT, Plaintiff,**

v.

**C.K. McCLATCHY, Publisher; McClatchy Newspapers, a corporation; the Sacramento Bee, a newspaper; Frank McCulloch; Michael Kidder; Dennis Walsh; Art Nauman; the Fresno Bee, a newspaper; George Gruner; Don Slinkard; the Modesto Bee, a newspaper; Sanders LaMont; Ray Nish; Doe Corporations I through XX; Doe Partnerships I through XX; Doe Associations I through XX; and Does I through XX, Defendants.**

**No. CV–R–84–407–ECR.**

United States District Court,
D. Nevada.

March 13, 1986.

Richard L. Davenport, Reno, Nev., and James E. Beasley, Philadelphia, Pa., for plaintiff.

Kathleen V. Fisher, Ray Larroca, James L. Brosnahan, Linda E. Shostak, San Francisco, Cal., for all defendants except Walsh.

Thomas E. Kotoske, Palo Alto, Cal., for defendant Walsh.

Brent T. Adams, Reno, Nev., for all defendants.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

On January 17, 1986, an Order of United States Magistrate Phyllis Halsey Atkins was entered, wherein she denied the motion of Nevada's State Gaming Control Board (Board) to dismiss a discovery subpoena and a notice of deposition directed to the Board's custodian of records. Both the subpoena and the notice demanded production for inspection and copying of records in the Board's possession pertaining to the plaintiff and certain business entities in which he had been a principal. The motion to dismiss was based on the Board's asserted Eleventh Amendment immunity from discovery demands emanating from a federal court action. The Magistrate noted that both the plaintiff and the defendants urged that she order the Board to produce the records.

While ordering production of the pertinent records, Magistrate Atkins also provided that the Board could submit to her for *in camera* review any particular documents that the Board contends should be withheld from disclosure because they are privileged (e.g., disclosure would impair the functioning of the Board or disclose a confidential source of information). She limited to the attorneys of record and their secretaries access to any of the documents to be produced.

The Board timely filed objections to the Magistrate's Order, on the ground that it is clearly erroneous and contrary to law in that she did not have subject matter jurisdiction because of the bar of the Eleventh Amendment: "Whether or not a particular gaming record should be disclosed to private civil litigants is for the state courts to decide." (The underlying litigation is a diversity action for libel; the Board is not a party thereto).

In the view of the Board, discovery demands against a nonparty are an exercise of a court's auxiliary or ancillary equity jurisdiction that may not override the Eleventh Amendment. The Board contends that it properly moved to dismiss pursuant to Fed.R.Civ.P. 12(h)(3), which requires a court lacking subject matter jurisdiction to dismiss the action. The Magistrate, in her Order, declared that a Rule 12 motion is appropriate only to raise a defense to a claim for relief alleged in a pleading. She found that neither the subpoena nor the notice of deposition is a pleading, therefore she held that a Rule 12 motion to dismiss would not lie. Thereupon, she construed the Board's motion to dismiss as a motion to quash the subpoena under Fed.R.Civ.P. 45(b). She stated that if she found the subpoena or notice of deposition to be beyond the power (jurisdiction) of the Court, she would order them quashed as "unreasonable" within the intendment of Rule 45(b). The Board, in its objections, contends that Magistrate Atkins had no subject matter jurisdiction to determine whether the discovery demands were unreasonable. It explains that Rule 45(b) allows modification of a subpoena, as an alternative to quashing. Rule 26(c) authorizes a court to issue protective orders, while ordering discovery. Consequently, the Board feared that a motion under either rule could be deemed a submittal to the Court's jurisdiction.

Even if it is wrong about the Eleventh Amendment bar, the Board contends that the subpoena is unenforceable on its face, because the only procedure a party to a lawsuit may use to compel a nonparty to

produce documents is via a subpoena duces tecum under Rule 45(d)(1). Nevertheless, the Board has persisted in its position that the only issue raised in its motion to dismiss is Eleventh Amendment immunity— any other possible objections available under Fed.R.Civ.P. Rules 26 and 45 "are not yet before the court." It contends that the Eleventh Amendment objection is a threshold jurisdictional issue. The Board does argue, nevertheless, that applicable Nevada statute makes its confidential records absolutely privileged, so that it cannot be compelled to provide them even for *in camera* inspection.

The Eleventh Amendment bars discovery requests against a nonparty state in civil litigation, according to the Board. They amount to a "suit in law or equity" for the purposes of that Amendment, it is argued. Actions in which discovery was allowed against federal agencies are inapposite, the Board urges, because those agencies are not protected by the Eleventh Amendment as are state agencies. The fact that the State Legislature provided a specific motion procedure for obtaining a court order authorizing discovery of confidential records indicates its intent to retain discovery under State control, the Board says. It does not constitute a consent to disclosure in a federal court case where the State is not a party. A state's waiver of its immunity to suit in its own courts does not mean that the same waiver subjects it to federal court jurisdiction. The Board cites *Kennecott Copper Corp. v. Tax Comm'n*, 327 U.S. 573, 577–80, 66 S.Ct. 745, 746–78, 90 L.Ed. 862 (1946), for the principle that a waiver by a state of its sovereign immunity against tax suits in its own courts is inapplicable to a federal court suit against the state in the absence of a clear declaration of consent. The opinion, at page 577, 66 S.Ct. at 746, notes that the reason for the rule is the direct impact of state tax litigation upon the state's finances. On page 579, 66 S.Ct. at 748, the *Kennecott* court also points out that the particular state (Utah) employs explicit language to indicate its consent to suit in federal court in other kinds of litigation. The Board con-

tends that the phrase "in a court of competent jurisdiction" as used in the Nevada Gaming Control Act should be construed to mean only State courts, as in *Kennecott*.

The standard of review of the Board's objections is that the Court "shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); Local Rule of Practice 11(c) par. I(A)(2).

■ The Magistrate had discretion to determine the sequence and procedure to be followed in deciding the issues raised by the Board's motion. *See* 35A C.J.S., Fed. Civ.Proc. § 1 at p. 38. That is, she had the right to require the Board to present its Rule 26 and Rule 45 arguments simultaneously with its contentions concerning Eleventh Amendment immunity. Successive motions are looked on with disfavor. *See Fra S.p.A. v. Surg-O-Flex of America, Inc.*, 415 F.Supp. 421, 428 (S.D.N.Y.1976); *Franklin v. Murphy*, 745 F.2d 1221, 1235 (9th Cir.1984). Further, on page 10 of her Order, she manifested her appreciation of the Board's concerns by providing for *in camera* inspection and by making the assurance: "Any objection to the disclosure of certain documents, on the basis of privilege, may still be made and will be thoroughly considered by this court."

■ It is clear that the Eleventh Amendment establishes that a federal court has no jurisdiction over any lawsuit against a state. However, it has been construed to refer to assertions of liability on the state's part and claims for relief against it. *Johnson v. Lankford*, 245 U.S. 541, 545, 38 S.Ct. 203, 204, 62 L.Ed. 460 (1918); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 121, 104 S.Ct. 900, 919, 79 L.Ed.2d 67 (1984). In *Florida Dept. of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 699, 102 S.Ct. 3304, 3322, 73 L.Ed.2d 1057 (1982), the plurality approved the service of process on state officials to secure possession of artifacts held by them. The analogy to the instant proceedings, where inspection and copying of State records is all

that is being sought, is apparent. Magistrate Atkins' holding that the Amendment does not bar discovery is not contrary to law.

The Magistrate also was meticulous, on page 4 of her Order, in finding that the procedural requirements of Rule 45(d) had been substantially complied with, in the obtaining of her Order for inspection and copying of the Board's records. *See Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1341 (8th Cir.1975).

■ F.R.Ev. 501 provides that where state law provides the rule of decision, state privilege law will govern. *Wm. T. Thompson Co. v. General Nutrition Corp.*, 671 F.2d 100, 103 (3rd Cir.1982). Such is the case here. NRS § 463.120 provides that at least some of the types of documents sought to be discovered in this proceeding "are confidential and may be revealed in whole or in part only ... upon the lawful order of a court of competent jurisdiction." A United States district court is "a court of competent jurisdiction" in the state where it sits. *DCA Food Industries, Inc. v. Hawthorn Mellody, Inc.*, 470 F.Supp. 574, 582 (S.D.N.Y.1979); *Jepsen v. Florida Bd. of Regents*, 610 F.2d 1379, 1384 (5th Cir.1980). This Court considers it significant that the Nevada Legislature has used the phrase "in a court of competent jurisdiction of the state" in NRS § 41.031(2). It serves to indicate that the "a court of competent jurisdiction" language of NRS § 463.120 was not intended to attempt to exclude the United States District Court for the District of Nevada.

Where a court of competent jurisdiction is authorized to order discovery of confidential records, the court must balance the public interest in avoiding harm from disclosure against the benefits of providing relevant evidence in civil litigation. *Jepsen, supra* at 610 F.2d 1384; *State ex rel. Tidvall v. Eighth Judicial Dist. Ct.*, 91 Nev. 520, 539 P.2d 456, 459 (1975). In a libel action, where the records may well go to the heart of material factual issues, the benefits usually outweigh the confidentiality interests. *Berst v. Chipman*, 232 Kan. 180, 653 P.2d 107, 116 (1982).

■ The Board insists that NRS § 463.-341 must be strictly followed. It provides a detailed procedure for applying for a court order directing the Board to release confidential information. As a matter of fact, the objectives to be attained by the statute's notice and service requirements have been accomplished in this proceeding. Literal compliance is not required because the Federal Rules of Civil Procedure cover the situation. *Hanna v. Plumer*, 380 U.S. 460, 471, 85 S.Ct. 1136, 1144, 14 L.Ed.2d 8 (1965); *Olympic Sports Prod. v. Universal Athletic Sales*, 760 F.2d 910, 914 (9th Cir. 1985); *see also Hefley v. Textron, Inc.*, 713 F.2d 1487, 1497 (10th Cir.1983).

No portion of the Magistrate's Order to which objections have been made being clearly erroneous or contrary to law, it is hereby AFFIRMED.