PUBLISH

UNITED STATES COURT OF APPEALS

**Filed 9/17/96**

FOR THE TENTH CIRCUIT

_____

| | |
|---|---|
| UNIVERSITY OF TEXAS AT AUSTIN, UNIVERSITY OF TEXAS AT EL PASO, UNIVERSITY OF TEXAS PAN AMERICAN, UNIVERSITY OF TEXAS AT SAN ANTONIO, UNIVERSITY OF TEXAS AT ARLINGTON, TEXAS TECH UNIVERSITY, STEPHEN F. AUSTIN UNIVERSITY, UNIVERSITY OF NORTH TEXAS, ANGELO STATE UNIVERSITY, LAMAR UNIVERSITY - BEAUMONT, SAM HOUSTON STATE UNIVERSITY, SOUTHWEST TEXAS STATE UNIVERSITY, TEXAS A&M UNIVERSITY, UNIVERSITY OF HOUSTON, THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, which is the State of California acting in a higher education capacity, on behalf of its NCAA Division I Member Campuses: California State University, Northridge; California State University, Fresno; California State University, Fullerton; California State University, Long Beach; California | No. 96-3220 |

Polytechnic State University, San Luis Obispos; California State University, Sacramento; San Diego State University; San Jose State University; University of Utah; University of New Mexico; University of Wyoming; and LOUISIANA STATE UNIVERSITY BOARD OF SUPERVISORS, WHICH IS THE STATE OF LOUISIANA ACTING IN A HIGHER EDUCATION CAPACITY, ON BEHALF OF ITS NCAA DIVISION I CAMPUSES: UNIVERSITY OF NEW ORLEANS AND THE LOUISIANA STATE UNIVERSITY BATON ROUGE CAMPUS,

Petitioners,

v.

THE HONORABLE KATHRYN H. VRATIL, District Judge,

Respondent,

NORMAN LAW; ANDREW GREER; PETER HERRMANN; MICHAEL JARVIS, JR.; CHARLES M. RIEB; WILLIAM HALL; DOUG SCHREIBER; LAZARO COLLOZZO; ROBIN DREIZLER; FRANK CRUZ, individually and on behalf of himself and all others similarly situated,

Real Parties in Interest.

-2-

---
ORDER
---

Before EBEL and MURPHY, Circuit Judges.

---

Petitioners are National Collegiate Athletic Association (NCAA) Division I state colleges and universities. They seek a writ of prohibition to vacate those portions of the district court's order of sanctions dated May 29, 1996, referring to them as "real parties in interest" and requiring them to respond to plaintiffs' interrogatories. See Law v. NCAA, 167 F.R.D. 464 (D. Kan. 1996).

"[A] writ of prohibition is a drastic and extraordinary remedy which should be granted only when the petitioner has shown his right to the writ to be clear and undisputable and that the actions of the court were a clear abuse of discretion." Sangre de Cristo Community Mental Health Serv., Inc. v. United States (In re Vargas), 723 F.2d 1461, 1468 (10th Cir. 1983). This court looks to five nonconclusive factors when determining whether to grant the writ: (1) the party seeking the writ must have no other adequate means to secure the relief desired; (2) the petitioning party will be damaged or prejudiced in a way not correctable on appeal; (3) the district court's order constitutes an abuse of discretion; (4) the district court's order represents an often-repeated error and manifests a persistent disregard of the federal rules; and (5) the district court's order raises new and

important problems or issues of law of first impression. Pacificare of Okla., Inc. v. Burrage, 59 F.3d 151, 153 (10th Cir. 1995) (explaining similar mandamus standard).

NCAA, defendant below, is a voluntary unincorporated association. Jones v. Wichita State Univ., 698 F.2d 1082, 1083 (10th Cir. 1983). As such, it is regarded under Kansas law as an aggregate of its members, and lacks capacity to sue or be sued in its own name. See Frey, Inc. v. City of Wichita, 715 P.2d 417, 418 (Kan. Ct. App. 1986). The Federal Rules, however, allow associations such as NCAA to be sued in their own name in federal court for purpose of enforcing a federal right. See Fed. R. Civ. P. 17(b)(1). Acting under this provision, plaintiffs sued NCAA, asserting violation of federal antitrust statutes.

The district court granted plaintiffs summary judgment against NCAA on the issue of liability. It ultimately ordered NCAA to respond to certain interrogatories on damage issues. NCAA failed to comply with this order. In response to plaintiffs' request for sanctions, the district court determined that since NCAA's party status under Fed. R. Civ. P. 17(b) was "merely procedural," and NCAA had no jural existence under Kansas law, NCAA's member institutions were the "real parties in interest" before the court. Relying on this characterization, the district court ordered each member institution to respond directly to the interrogatories propounded to NCAA.

Petitioners object to the district court's order on two grounds, asserting they are not parties to the action who can be ordered to respond to interrogatories, and that they are entitled to Eleventh Amendment immunity from being treated as parties for discovery purposes in this damages action. We agree with petitioners on both grounds,[1] and grant them the requested writ of prohibition.

The district court erred in characterizing the unserved, nonparty petitioners as "real parties in interest" for discovery purposes, and acted without jurisdiction in ordering them to respond to interrogatories propounded under Rule 33. Rule 17(b)(1), which provides for suit against an unincorporated association "for the purpose of enforcing for or against it a substantive right," recognizes the NCAA as the procedural party defendant before the court.[2] This party status clearly

---

[1]   We do not, in this ruling, decide whether these or other state colleges and universities are, in fact, entitled to Eleventh Amendment immunity as arms of their respective states. See Seibert v. Univ. of Okla. Health Services Ctr., 867 F.2d 591, 594-95 (10th Cir. 1989). Although we presume, without deciding, that most if not all of the state colleges and universities will be entitled to Eleventh Amendment immunity, if the plaintiffs in this action wish to put this matter at issue as to any such institution, the district court may ultimately need to address that matter on remand.

[2]   Use of the phrase "real party in interest" in this context is somewhat unfortunate and misleading. "Real party in interest," as used in Fed. R. Civ. P. 17(a), refers to the principle that an action "should be brought in the name of the party who possesses the substantive right being asserted under the applicable law." 6A Charles Allen Wright et al., Federal Practice and Procedure § 1541 (2d ed. 1990). The requirement of bringing suit in the name of the real party in interest properly applies only to plaintiffs, see 6A id. § 1542, and differs from "capacity to be sued," which is at issue here.

extends to party discovery. See Sperry Prods., Inc. v. Association of Am. Railroads, 132 F.2d 408, 411 (2d Cir. 1942), cert. denied, 319 U.S. 744 (1943) (recognizing that an association's jural existence under Rule 17(b)(1) extends beyond service of process to other procedural incidents under the Rules). [3]

The Federal Rules provide a clear-cut procedure for obtaining responses to interrogatories from an association such as NCAA. Under Fed. R. Civ. P. 33(a), interrogatories may only be directed to a party to an action. Where that party is an association, Rule 33(a) allows it to select an officer or agent to respond on its behalf. Id.; see also 8A Charles Allen Wright et al., Federal Practice and Procedure § 2172 (2d ed. 1990). In the event the officer or agent fails to respond, enforcement of the court's orders regarding discovery is obtained under Rule 37, which, notably, contains no procedure for requiring responses from unserved,

---

[3]     We disagree with the district court that recognition of the NCAA as the entity before the court for discovery purposes offends Erie R. Co. v. Tompkins, 304 U.S. 64 (1938). Discovery is "a procedural matter, which is governed by the Federal Rules of Civil Procedure." Wilson v. Gillis Advertising Co., 145 F.R.D. 578, 580 (N.D. Ala. 1993), quoting Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc., 130 F.R.D. 149, 151 (D. Kan. 1990). This is a federal question case, where a federal rule dictates the status of the party before the court, and where the issue before the court is applicability of that status in the context of application of other federal rules concerning discovery. Erie does not require consideration of NCAA's status under state law for purposes of deciding the discovery issue. See Wilson, 145 F.R.D. at 580 (federal question case was "not within the aegis of Erie" for purpose of determining discovery issue); Fireman's Fund Ins. Co. v. S.E.K. Constr. Co., 436 F.2d 1345, 1352 (10th Cir. 1971) (Erie does not apply where federal question is involved).

nonparty members of the association. The district court's order here was not authorized by, and is in contravention of, these federal rules concerning discovery.

Moreover, petitioners, as state colleges and universities, are entitled to Eleventh Amendment immunity from being treated as parties. <u>Seminole Tribe of Fla. v. Fla.</u>, 116 S. Ct. 1114, 1124 (1996). Eleventh Amendment immunity entitles a state not only to protection from liability, but also from suit, including the burden of discovery, as a party, within the suit. <u>See</u> <u>Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.</u>, 506 U.S. 139, 143-44 (1993). Plaintiffs' reliance on <u>Laxalt v. McClatchy</u>, 109 F.R.D. 632, 634-35 (D. Nev. 1986), for the proposition that the Eleventh Amendment does not shield nonparty state entities from discovery, is misplaced. In <u>Laxalt</u>, discovery was sought under Fed. R. Civ. P. 45, which, in contrast to Fed. R. Civ. P. 33, specifically provides a procedure applicable to nonparties. Here, the court ordered enforcement of responses to Rule 33 interrogatories under Fed. R. Civ. P. 37, thereby treating the state colleges and universities as "parties" and bringing them squarely within the protections discussed in <u>Puerto Rico Aqueduct</u>.

We conclude that petitioners have shown their entitlement to the requested writ of prohibition under the high standard associated with the writ. We grant relief only as to the state Division I members, however. Although some private

Division I members have appeared in this action as amici curiae, none of them has sought to join as a petitioner. Amici may only support relief claimed by a party to the proceeding. See, e.g., Newark Branch, N.A.A.C.P. v. Town of Harrison, 940 F.2d 792, 808 (3d Cir. 1991); United States v. Louisiana, 718 F. Supp. 525, 528 (E.D. La. 1989), appeal dismissed, 493 U.S. 1013 (1990); United States v. E.I. Du Pont De Nemours & Co., 13 F.R.D. 487, 488-89 (N.D. Ill. 1953). [4]

Petitioners' application for a writ of prohibition is GRANTED. The district court's reference to state NCAA Division I members as "real parties in interest" for discovery purposes is VACATED, as is its order requiring NCAA Division I state colleges and universities to answer plaintiffs' interrogatories. The stay entered by this court in its order of July 5, 1996, is DISSOLVED.

---

[4] We previously declined to grant NCAA mandamus relief from the district court's order; nothing in this order should be read as granting relief to the NCAA from its obligations under that order.