**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 22 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT O'CONNOR,

     Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA;
GEORGE W. BUSH, JR., President of
the United States; UNITED STATES
ARMED FORCES, Joint Chiefs of
Staff; UNITED STATES MARINE
CORPS, Commandant;
DEPARTMENT OF THE NAVY,
Chief of Staff; ARMY, Chief of Staff;
DEPARTMENT OF THE AIR
FORCE; DEPARTMENT OF
DEFENSE, Donald Rumsfeld,
Secretary of Defense,

     Defendants - Appellees.

No. 02-2311
(D.C. No. CIV-02-1274 BB/LFG)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **HENRY** and **HARTZ**, Circuit Judges.

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Robert O'Connor, proceeding *pro se*, appeals the district court's dismissal of his lawsuit against the president of the United States and certain officials, military and civilian, responsible for the nation's military operations. He challenges the constitutionality of the invasion of Iraq by the armed forces of the United States. The district court dismissed his complaint because it presented "a classic example of a non-justiciable political question." O'Connor also has filed a motion to proceed *in forma pauperis* and a petition seeking a writ of prohibition directed against the defendants. We AFFIRM the district court's dismissal of his case, GRANT the motion to proceed *in forma pauperis*, and DENY O'Connor's petition for a writ of prohibition.

### I. Appeal of District Court's Dismissal of the Case

In his complaint, O'Connor alleges, somewhat cryptically, that "[t]he War on Iraq which Congress by resolution gives authority to the President to wage war on Iraq is unconstitutional because waging war on Iraq is a subterfuge for the U.S. Government to wage war on its own citizens by releasing A.B.C. warfare on Americans and blaming it on Iraq." He asks the federal courts "to declare the war on Iraq unconstitutional" and seeks an injunction requiring the defendants to "cease and desist . . . from waging war on Iraq."[1] We review *de novo* the district

---

[1] O'Connor filed his complaint on October 9, 2002, several months before
(continued...)

court's application of the political question doctrine to O'Connor's complaint. Custer County Action Ass'n v. Garvey, 256 F.3d 1024, 1030–31 (10th Cir. 2001).

Both constitutional and prudential concerns counsel courts not to hear cases presenting "political questions." Schroder v. Bush, 263 F.3d 1169, 1173 (10th Cir. 2001) (citing Baker v. Carr, 369 U.S. 186, 210 (1962)). "When deciding whether issues present political questions, courts must make a discriminating inquiry into the precise facts and posture of the particular case, for it resists resolution by any semantic cataloguing." Id. at 1173–74 (internal quotation marks omitted). Because "there is no blanket rule, application of the doctrine must be made on a case-by-case basis." Id. at 1174 (internal citations and quotation marks omitted).

The Supreme Court provided its most detailed discussion of the political question doctrine in Baker v. Carr, 369 U.S. 186 (1962). In that case the Court wrote,

> Prominent on the surface of any case held to involve a political question [will be] found a textually demonstrable constitutional commitment of the issue to a coordinate political department; or a

---

[1](...continued)
U.S. military forces attacked Iraq in March 2003. We also note that on May 1, 2003, President Bush stated that major combat operations in Iraq had ended. David E. Sanger, "Aftereffects: The President; Bush Declares 'One Victory in War on Terror,'" N.Y. Times, May 2, 2003, at A1. Because we resolve this case on other grounds, we do not address whether these facts raise standing or mootness problems for O'Connor's lawsuit.

> lack of judicially discoverable and manageable standards for resolving it; or the impossibility of deciding without an initial policy determination of a kind clearly for nonjudicial discretion; or the impossibility of a court's undertaking independent resolution without expressing lack of the respect due coordinate branches of government; or an unusual need for unquestioning adherence to a political decision already made; or the potentiality of embarrassment from multifarious pronouncements by various departments on one question.

Id. at 217.

The presence of several of the Baker factors indicate that O'Connor's complaint presents a political question. His complaint argues that the war on Iraq is unconstitutional because of the intentions of the President and the armed forces in waging it. Yet the text of the Constitution commits the power to employ the nation's armed forces in war to Congress and the President. Congress has the power to declare war, to raise and support armies, to provide and maintain a navy, and to make rules governing these military bodies. U.S. Const. art I, § 8, cls. 11, 12, 13, 14. The Constitution also names the President as the commander-in-chief of the military forces. Id. art. II, § 2, cl. 1. And we can identify no judicially discoverable standards that would permit a court to determine whether the intentions of the president in prosecuting a war are proper. The Constitution does not speak to the question of what objectives are permissible when waging war. Such an inquiry would require courts to make a policy determination that is of a kind clearly for nonjudicial discretion. As we have said before, "courts afford the

political branches of government a particularly high degree of deference in the area of military affairs, because the Constitution expressly confers authority over the military on the executive and legislative branches." Garvey, 256 F.3d at 1031. For these reasons, we conclude that O'Connor's lawsuit raises a non-justiciable political question.

On appeal, O'Connor advances a legal theory he did not raise below: that the war on Iraq is unconstitutional because the president acted without a formal declaration of war by Congress. (Aplt. B. at 2.) Mindful that we hold pro se actions to less rigorous standard of review, see Hunt v. Uphoff, 199 F.3d 1220, 1223 (10th Cir. 1999), we nonetheless decline to consider this issue because O'Connor did not raise it before the district court, see Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992) (applying "the general rule that 'a federal appellate court does not consider an issue not passed upon below'") (quoting Singleton v. Wulff, 428 U.S. 106, 120 (1976)).[2]

_____

[2]In declining to consider O'Connor's argument on appeal that the president's prosecution of the war on Iraq was unconstitutional because Congress had not issued a formal declaration of war, we express no opinion on the merits of that argument except to observe that the federal courts have left the question largely unexplored. See, e.g., 1 Laurence H. Tribe, American Constitutional Law 659 (3d ed. 2000) ("Our legal history . . . is almost barren of judicial pronouncements regarding the legitimacy of such executive behavior."). But see Doe v. Bush, 257 F. Supp. 2d 436, 438–40 (D. Mass. 2003) (holding that federal courts may consider the constitutionality of military action by the president if "it become[s] apparent that the political branches . . . are clearly and resolutely in

(continued...)

## II. Petition for a Writ of Prohibition

O'Connor attaches to his brief on appeal a petition for a writ of prohibition. By statute, the power of federal courts to issue extraordinary writs is confined to those "necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). A writ of prohibition is a "'means of confining an inferior court to a lawful exercise of its prescribed jurisdiction . . . .'" In re Missouri, 664 F.2d 178, 180 (8th Cir. 1981) (quoting Missouri v. United States Bankruptcy Court, 647 F.2d 768, 770 n.3 (8th Cir. 1981)); see also Parr v. United States, 351 U.S. 513, 519 (1956) (stating that writs of prohibition and mandamus "may only go in aid of appellate jurisdiction"). That the function of a writ of prohibition is to correct a lower court's exercise of jurisdiction is illustrated by our Circuit's test for granting the writ, which is focused on the actions of lower courts:

> "[A] writ of prohibition is a drastic and extraordinary remedy which should be granted only when the petitioner has shown his right to the writ to be clear and undisputable and that the actions of the court were a clear abuse of discretion." Sangre De Cristo Community Mental Health Serv., Inc. v. United States (In re Vargas), 723 F.2d

---

[2](...continued)
opposition as to the military policy to be followed by the United States," but that in the case of the recent Iraq war, the constitutionality of the military action raised a non-justiciable political question because no such inter-branch conflict existed in light of the October 16, 2002 Congressional Resolution, Pub. L. No. 107-243, authorizing the President Bush's actions) (citing Massachusetts v. Laird, 451 F.2d 26, 34 (1st Cir. 1971)).

1461, 1468 (10th Cir. 1983). This court looks to five nonconclusive factors when determining whether to grant the writ: (1) the party seeking the writ must have no other adequate means to secure the relief desired; (2) the petitioning party will be damaged or prejudiced in a way not correctable on appeal; (3) the district court's order constitutes an abuse of discretion; (4) the district court's order represents an often-repeated error and manifests a persistent disregard of the federal rules; and (5) the district court's order raises new and important problems or issues of law of first impression.

Univ. of Texas at Austin v. Vratil, 96 F.3d 1337, 1339 (10th Cir. 1996) (Order) (emphasis added) (citation omitted).

O'Connor is not entitled to a writ of prohibition because he does not direct the writ toward the judicial action of a lower court. He seeks a writ of prohibition against the defendants, the president and certain of his military and civilian subordinates, to stop them from engaging in hostilities in Iraq. O'Connor is not seeking to correct a jurisdictional error of the district court, nor is this a case where appellate review is defeated if a writ does not issue. Therefore, a writ of prohibition is not an available remedy. See Parr, 351 U.S. at 520 (declining to issue a writ of prohibition or mandamus because "[t]his is not a case where a court has exceeded or refused to exercise its jurisdiction, nor one where appellate review will be defeated if a writ does not issue.") (citation omitted).

Even if a writ of prohibition could be directed toward the acts of executive officials, O'Connor has not made the requisite showing in his petition that he is entitled to the writ under these circumstances. We require that a petitioner

- 7 -

"show[] his right to the writ to be clear and undisputable." <u>Vratil</u>, 96 F.3d at 1339 (internal quotation marks omitted). Because O'Connor has not made this showing, we decline to exercise our discretion to issue a writ of prohibition. <u>See</u> <u>Parr</u> 351 U.S. at 520 ("The power to issue [extraordinary writs] is discretionary and it is sparingly exercised.").

* * *

For the reasons stated, we AFFIRM the decision of the district court dismissing O'Connor's case. O'Connor's motion to proceed *in forma pauperis* is GRANTED, and his petition for a writ of prohibition is DENIED. All other of O'Connor's motions are DENIED.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge