**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 28, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STUART T. GUTTMAN, M.D.,

Plaintiff-Appellee,

v.

THE STATE OF NEW MEXICO,

Defendant-Appellant.

No. 07-2147

(D. of N.M.)

(D.C. No. CIV-03-463-LCS)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

This interlocutory appeal is the latest in a series of federal court decisions
involving civil rights claims brought by Dr. Stuart T. Guttman against the State of
New Mexico and G.T.S. Khalsa and Livingston Parsons, officers of the New
Mexico Board of Medical Examiners.[1]

In this appeal, we review the district court's denial of New Mexico's
motion to dismiss a claim brought under Title II of the Americans with

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[1] *See Guttman v. Khalsa* (*Guttman I*), 320 F. Supp. 2d 1164 (D.N.M. 2003),
*aff'd*, *Guttman II*, 401 F.3d 1170 (10th Cir. 2005), *vacated*, 546 U.S. 801 (2005),
*remanded to Guttman III*, 446 F.3d 1027 (10th Cir. 2006).

Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12117–12164, on the basis of absolute quasi-judicial immunity. We also review New Mexico's argument that federal court abstention is appropriate under *Younger v. Harris*, 401 U.S. 37 (1971).

We conclude New Mexico is entitled to a definitive ruling on the applicability of Eleventh Amendment sovereign immunity. The question of sovereign immunity (1) implicates our subject matter jurisdiction as well as New Mexico's status as a joint sovereign, (2) potentially immunizes the state from liability for the violations alleged below, and (3) could obviate the need to address absolute quasi-judicial immunity. Because the district court has yet to rule on this question, we remand for further proceedings. As we describe in more detail below, the Supreme Court has instructed district courts in the first instance to apply a three part analysis in assessing Eleventh Amendment immunity. That analysis will better inform our review of the ultimate federal jurisdictional issues at stake here.

Finally, we do not abstain under *Younger* because New Mexico has waived this issue by failing to raise it prior to this appeal.

## I. **Background**

This case has a lengthy procedural history, which we only briefly summarize. Following an October 2000 hearing, the New Mexico Board of Medical Examiners (Board) revoked Guttman's license to practice medicine based

on concerns about his mental health. Guttman appealed the Board's administrative decision to a New Mexico state district court, which affirmed. The New Mexico Court of Appeals also affirmed the decision, and the New Mexico Supreme Court denied a petition for certiorari.

While the New Mexico Supreme Court considered his petition for certiorari, Guttman filed another suit against New Mexico and individual defendants in federal court. In this complaint, he alleged violations of Title II of the ADA and of his procedural due process rights under 42 U.S.C. § 1983. The core of Guttman's claim was that the Board lacked sufficient evidence to revoke his license, or, alternatively, that the Board failed to reasonably accommodate his illness as Title II requires.

The district court dismissed Guttman's complaint, finding it lacked jurisdiction over the due process claims under the *Rooker-Feldman* doctrine. *Guttman v. Khalsa* (*Guttman I*), 320 F. Supp. 2d 1164, 1169 (D.N.M. 2003); *see also District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). For the remaining claims, the court concluded the individual defendants were entitled to absolute quasi-judicial immunity and that Eleventh Amendment sovereign immunity protected New Mexico. *Guttman I*, 320 F. Supp. 2d at 1169–71. We affirmed the district court on appeal. *Guttman v. Khalsa* (*Guttman II*), 401 F.3d 1170 (10th Cir. 2005).

The United States Supreme Court vacated our decision in light of *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005). *See* 546 U.S. 801 (2005). On remand, we concluded *Rooker-Feldman* did not bar the district court from exercising jurisdiction over Guttman's complaint. *Guttman v. Khalsa* (*Guttman III*), 446 F.3d 1027, 1031–32 (10th Cir. 2006). We also affirmed that the individual defendants were entitled to absolute quasi-judicial immunity for the claims asserted against them. *Id.* at 1034. Finally, we determined that two intervening Supreme Court decisions, *Tennessee v. Lane*, 541 U.S. 509 (2004), and *United States v. Georgia*, 546 U.S. 151 (2006), cast doubt on *Guttman I*'s holding that Eleventh Amendment sovereign immunity barred the Title II ADA claim against New Mexico. *Guttman III*, 446 F.3d at 1036. We remanded the case, instructing the district court to determine whether Guttman stated a claim under Title II and, if so, whether Title II validly abrogated state sovereign immunity as applied to the conduct at issue here. *Id.*

On remand, Guttman filed an amended complaint reasserting, among other things, his Title II claim against New Mexico. The district court found Guttman had alleged sufficient facts to state a Title II claim, but declined to rule on the Eleventh Amendment issue. Sovereign immunity would be "more appropriate for a decision at a later stage" because "a decision will require some development of the facts." J.A. at 72 (Mem. Op. & Order).

With the district court having declined to rule on sovereign immunity, New Mexico contended that absolute quasi-judicial immunity also barred Guttman's Title II claim. This absolute quasi-judicial argument failed to persuade, however, and the district court refused to dismiss the claim. The court did, however, dismiss a separate "stigma plus" claim against the individual defendants on qualified immunity grounds.

New Mexico then filed this interlocutory appeal. After the appeal was filed, Guttman filed a motion for reconsideration in district court, which he styled as a motion under Federal Rule of Civil Procedure 59(e).[2] The district court denied Guttman's motion for reconsideration, concluding that New Mexico's prior notice of appeal deprived the court of jurisdiction over the case.

## II.  Preliminary Jurisdictional Challenges

We begin with the question of our jurisdiction over New Mexico's interlocutory appeal. As a general matter, we may review interlocutory decisions denying absolute immunity under the collateral order doctrine. *Anthony v. Baker*, 955 F.2d 1395, 1396 (10th Cir. 1992).

Guttman contends New Mexico's appeal is premature, arguing the district court's failure to rule on the merits of his motion for reconsideration deprives us

---

[2] Guttman also filed a notice of cross-appeal, but he later moved to dismiss this cross-appeal. We granted that motion.

of jurisdiction.[3] He contends since the district court has yet to rule on the motion, no appealable order ever existed. Alternatively, he suggests we lack jurisdiction because New Mexico's absolute quasi-judicial immunity argument is "frivolous" and because New Mexico does not present an abstract question of law appropriate for interlocutory appeal. We disagree with the first argument and for reasons explained below need not address the second or third.

With respect to Guttman's first argument, Federal Rule of Appellate Procedure 4(a)(4)(B)(i) provides that a notice of appeal does not become effective until after the disposition of any motions made pursuant to Federal Rule of Civil Procedure 59. Although Guttman contends that his motion for reconsideration tolled the effective date of the notice of appeal under Rule 4, his motion is not properly characterized as a Rule 59(e) motion to alter or amend judgment. In the decision Guttman challenges, the district court granted New Mexico's motion to dismiss in part, but also denied it in part.

Rule 59(e) does not apply because the court's order was not a final judgment under Federal Rule of Civil Procedure 54(b). *See Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988). In other words, Guttman's motion to reconsider the district court's non-final order "was nothing more than an

---

[3] Although Guttman's motion to dismiss for lack of appellate jurisdiction is untimely because it was filed more than fifteen days after New Mexico's notice of appeal, *see* 10th Cir. R. 27.2(A)(3), we consider the arguments made in that motion as part of our independent duty to inquire into the existence of jurisdiction. *See Kennedy v. Lubar*, 273 F.3d 1293, 1301 (10th Cir. 2001).

interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment, and, as such, did not call into play the timing and tolling considerations attendant upon motions to alter or amend judgment under Fed. R. Civ. P. 59(e)." *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991) (citations omitted). Because Guttman's interlocutory motion has no bearing on the effectiveness of New Mexico's notice of appeal, this argument fails.

Guttman also contends we lack jurisdiction because New Mexico's quasi-judicial immunity argument is "frivolous" and because the question on appeal does not present an abstract legal issue separate from the factual claims against the individual defendants. We need not address these arguments, though, as resolving the Eleventh Amendment sovereign immunity issue should precede consideration of quasi-judicial immunity in this instance.

### III. Eleventh Amendment Immunity

Throughout this litigation New Mexico has maintained it is entitled to immunity from suit under the Eleventh Amendment. In *Guttman III*, we instructed the district court to determine on remand if Guttman alleged sufficient facts to state a claim under Title II of the ADA and, if so, whether Congress abrogated sovereign immunity as applied to the class of conduct at issue. 446 F.3d at 1035–36. The district court reached the first question, but declined to rule on the second after finding it "more appropriate . . . for a later stage." J.A. at 72.

Because deciding the Eleventh Amendment sovereign immunity issue is vital, however, we remand for further proceedings.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI.

The Supreme Court has long viewed sovereign immunity as having an import beyond the Eleventh Amendment's plain terms. In *Hans v. Louisiana*, 134 U.S. 1 (1890), the Court held that states are immune to suits by both their own citizens and by citizens of other states. "[I]nherent in the nature of sovereignty," *Hans* observed, is a state's right "not to be amenable to the suit of an individual without its consent." *Id.* at 13 (quoting The Federalist No. 81, at 455 (Alexander Hamilton) (Isaac Kramnick ed. 1987)). The Court continued in this vein more than a hundred years later when it observed that Eleventh Amendment immunity "is a fundamental aspect of the sovereignty" which states enjoy. *Alden v. Maine*, 527 U.S. 706, 713 (1999); *see also Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007) ("Eleventh Amendment immunity's primary purpose is to accord states the respect owed them as joint sovereigns.").

State sovereign immunity is not absolute, however. One limitation comes from Section 5 of the Fourteenth Amendment and permits Congress to abrogate sovereign immunity to enforce that amendment's provisions. *Florida Prepaid*

*Postsecondary Educ. Expense Bd. v. College Sav. Bank*, 527 U.S. 627, 637 (1999).  But the power to enforce constitutional rights does not permit Congress to redefine the substantive protections of the Constitution.  *City of Boerne v. Flores*, 521 U.S. 507, 519 (1997).  So while there is no question that Congress intended to abrogate state sovereign immunity when it enacted Title II of the ADA, *see Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356, 363–64 (2001), the relevant question here is whether Congress's abrogation is consistent with the scope of its Section 5 power.  This is the sovereign immunity question we instructed the district court to address on remand in *Guttman III*.  The court however, set this issue aside for resolution at a later stage in the proceedings.

Deciding the sovereign immunity question now rather than later is important for a number of reasons.  The first, as we mentioned, stems from the status of states as joint sovereigns.  Immunity from suit is an attribute of every state's sovereignty, and once asserted should be addressed promptly.  Second, the Eleventh Amendment provides constitutional immunity *from suit* and the burdens associated with it.  "The very object and purpose of the 11th Amendment were to prevent the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private parties."  *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (quoting *In re Ayers*, 123 U.S. 443, 505 (1887)).  Such immunity from suit effectively disappears if a case is

erroneously permitted to continue. *See id.* at 144; *Univ. of Tex. at Austin v. Vratil*, 96 F.3d 1337, 1340 (10th Cir. 1996).

A third reason for deciding state sovereign immunity before proceeding further is because our circuit has previously held that asserting Eleventh Amendment immunity challenges a court's subject matter jurisdiction. *E.g.*, *Lewis v. N.M. Dep't of Health*, 261 F.3d 970, 979 (10th Cir. 2001); *Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 558–59 (10th Cir. 2000); *see also Seminole Tribe v. Florida*, 517 U.S. 44, 64 (1996) (holding that "state sovereign immunity limit[s] the federal courts' jurisdiction under Article III"). Thus, once a state asserts sovereign immunity, as New Mexico has done here, federal courts are obligated to initially discern the issue. *See Martin v. Kansas*, 190 F.3d 1120, 1126 (10th Cir. 1999), *overruled on other grounds by Garrett*, 531 U.S. at 372–75.

Finally, New Mexico's invocation of sovereign immunity potentially resolves the entire case. We decline to address the thorny issue of absolute quasi-judicial immunity on one interlocutory appeal when a second potentially dispositive interlocutory appeal waits down the road. Given the history of this case, the district court is better positioned to resolve all pre-trial matters that go to the court's ultimate jurisdiction.

In light of these considerations, we reaffirm our disposition in *Guttman III* and remand to the district court for resolution of the Eleventh Amendment

-10-

abrogation issue based on *Tennessee v. Lane* and *United States v. Georgia*. The district court must therefore determine "(1) which aspects of [New Mexico's] alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid." *Guttman III*, 446 F.3d at 1035 (quoting *United States v. Georgia*, 546 U.S. 151, 159 (2006)).

We return the issue to the district court rather than deciding it ourselves because the district court is "best situated" in the first instance to determine whether Title II abrogated sovereign immunity with respect to Guttman's claims. *See Georgia*, 546 U.S. at 159. Like in *Georgia*, the allegations of New Mexico's misconduct have only reached the pleadings stage and we are unclear about the precise nature of the conduct Guttman alleges in support of his Title II claim—at the October 2000 Board hearing or otherwise. J.A. at 35–37; *see also Georgia*, 546 U.S. at 160 (Stevens, J., concurring) (noting that allowing a district court to apply the three-part test "wisely permits the parties . . . to create a factual record that will inform [the Eleventh Amendment question]"); *cf. Klingler v. Dept. of Revenue*, 455 F.3d 888, 892 (8th Cir. 2006) (declining to remand for an abrogation analysis because the "extensive record" created for summary judgment allowed the court to decide the issue as a matter of law). If after further analysis

-11-

the district court determines the actions at the October 2000 hearing "constitute an independent constitutional violation, Guttman may proceed with those claims against the state." *Guttman III*, 446 F.3d at 1036 (citing *Georgia*, 546 U.S. at 155–158).

Should the district court conclude the precise conduct Guttman alleges does not in itself violate the Constitution, the court must determine "whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid." *Georgia*, 546 U.S. at 159. Valid abrogation requires "congruence and proportionality between the injury to be prevented or remedied and the means adopted to that end." *Boerne*, 521 U.S. at 520. Deciding congruence and proportionality would employ *Boerne*'s three-part inquiry: (1) identifying "the constitutional right or rights that Congress sought to enforce" when it enacted Title II, *see Lane*, 541 U.S. at 522; (2) determining whether Congress "identified a history and pattern" of unconstitutional conduct by the states, *see Garrett*, 531 U.S. at 368; and, if so, (3) whether the abrogation constitutes a proportionate response to the constitutional violation, *see College Savings Bank*, 527 U.S. at 646.

*             *             *

For the foregoing reasons, we conclude the district court erred in not reaching the sovereign immunity issue. Because the resolution of that issue could eliminate the need to address absolute quasi-judicial immunity, we remand to the

district court without reaching the merits of New Mexico's absolute quasi-judicial immunity argument.

## IV. *Younger* Abstention

As a final matter, New Mexico contends the federal courts should defer to the resolution of this case in state court under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). We ordinarily abstain from resolving a case filed in federal court when it is pending in state court. *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006). New Mexico argues, for the first time on appeal, that *Younger* abstention is appropriate because at the time Guttman filed his original complaint in 2003, his state proceedings were still pending. We disagree.

Guttman filed his federal complaint on April 17, 2003, before the New Mexico Supreme Court denied his petition for certiorari on May 16, 2003. New Mexico argues *Younger* abstention is appropriate because state proceedings were ongoing at the time Guttman filed his federal complaint. *See Bettencourt v. Bd. of Registration in Med.*, 904 F.2d 772, 777 (1st Cir. 1990) (recognizing the proper reference for determining whether state proceedings are "ongoing" is the date on which a plaintiff filed his federal complaint).

New Mexico did not raise this issue below, but urges us to consider it on appeal. Although we may consider *Younger* abstention for the first time on appeal, *Chapman*, 472 F.3d at 749, a state may waive its *Younger* argument. *Morrow v. Winslow*, 94 F.3d 1386, 1390 (10th Cir. 1996). When a state

-13-

"voluntarily chooses to submit to a federal forum," we are not required to abstain under *Younger*. *Ohio Bureau of Employment Servs. v. Hodory*, 431 U.S. 471, 480 (1977). Several courts have declined to abstain when a state failed to raise a *Younger* defense because, by voluntarily submitting to suit in federal court, the state has indicated that it is not concerned with the principles of comity underpinning the abstention doctrine. *See Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 381 n.1 (1992); *Brown v. Hotel & Rest. Employees & Bartenders Int'l Union Local 54*, 468 U.S. 491, 500 n.9 (1984); *Kendall-Jackson Winery, Ltd. v. Branson*, 212 F.3d 995, 997 (9th Cir. 2000) ("Abstention is designed for the states' benefit, and if a state is content with the outcome of federal litigation . . . then abstention serves no point."); *Walnut Properties, Inc. v. City of Whittier*, 861 F.2d 1102, 1106 (9th Cir. 1988) (declining to entertain abstention argument where a city had not raised it in initial district court proceedings, on appeal to the circuit court, before the Supreme Court, or on remand from the Supreme Court).

Here, New Mexico has been litigating in federal court for the last six years and has had numerous opportunities to raise the abstention issue. Since this case was filed, the state has filed a motion to dismiss, and has argued a prior appeal, a petition for certiorari, and a remand to this court. It has also since submitted numerous pleadings in the district court, but only raised its *Younger* argument in the present appeal. Although New Mexico never expressly waived an abstention argument, under the circumstances, we conclude it has voluntarily submitted this

case to a federal forum and thus waived the *Younger* question.  Any concerns of comity here are minimal at best, as Guttman's unsuccessful state court appeals terminated six years ago.  We therefore decline to abstain.

## V.  Conclusion

For the foregoing reasons, we **DENY** Guttman's motion to dismiss for lack of appellate jurisdiction.  We **VACATE** the district court's denial of New Mexico's motion to dismiss and **REMAND** for reconsideration of the state's Eleventh Amendment sovereign immunity.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge